

ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Eddie Joe Lloyd and Tia Terese Glenn,

       Plaintiffs,

v.

City of Detroit et al.,

       Defendants.

Case No. 04 70922

U.S. District Judge: Hon. Gerald E. Rosen

U.S.Magistrate Judge: Hon. Steven D. Pepe

_____/

David A. Robinson (P-38754)
Attorney for Plaintiff
28145 Greenfield Road, Ste. 100
Southfield, MI 48176
(248) 423-7234

Margaret A. Nelson (P-30392)
Attorney for Defendants Detroit
  Psychiatric Institute and Bacon
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434

John P. Quinn (P-23820)
Attorney for Defendants DeGalan,
  Milliner, Rice, Day, Dungy, Deane, Hill
  and City, including Defendants Es-
  tates of Young and Hart in their Offi-
  cial capacities
1650 First National Building
Detroit, MI 48226
(313) 237-3082

James A. Surowiec (P-49560)
Attorney for Defendant County
600 Randolph, 2nd Floor
Detroit, MI 48226
(313) 224-6682

_____/

## MOTION OF DEFENDANT HILL TO DISMISS FOR FAILURE TO STATE A CLAIM AND ON GROUND OF QUALIFIED IMMUNITY

       The defendant Gilbert Hill moves that this action be dismissed with prejudice as

to him and says that:

       1.     As is shown in the attached brief, the plaintiffs have not stated a claim

upon which relief can be granted against the defendant Hill because, assuming the truth

of all the factual allegations of the Complaint:

a.   The plaintiffs have no claim against the defendant Hill arising under 42
     U.S.C. § 1983 because the defendant Hill did not encourage the specific
     incidents of misconduct that allegedly injured the plaintiffs, nor did he
     directly participate in those incident of misconduct.

b.   The allegations of the Complaint do not make out a violation of the First
     Amendment.

c.   The allegations of the Complaint do not make out any common-law tort
     claim against the defendant Hill.

d.   The defendant Hill is protected by governmental or official immunity from
     liability on the plaintiffs' common-law tort claims.

e.   The plaintiffs have no claim against the defendant Hill for violation of rights
     protected by the Michigan Constitution.

f.   The plaintiffs' claims, with the exception of Lloyd's malicious prosecution
     claim and the possible exception of Lloyd's constitutional claims arising
     under 42 U.S.C. § 1983, are time barred.

2.   As is shown in the attached brief, assuming the truth of all the factual
allegations of the Complaint, the defendant Hill is protected by qualified immunity from
suit and from liability on the plaintiffs' claims arising under federal law.

3.   In an effort to obtain concurrence in the relief sought by this motion, on the
morning of June 8, 2004, counsel for the defendant Hill e-mailed to plaintiff's counsel a

-2-

nearly final draft of this motion and the supporting brief along with a message indicating

that Hill's counsel would request concurrence in the motion during a planned conference

on the evening of June 8, 2004. At that conference, Hill's lawyer requested but did not

obtain concurrence in the relief sought in this motion, although the parties did agree that

some claims should be dismissed as to Hill. The parties intend to present to the Court a

stipulated order regarding those claims.

WHEREFORE, the defendant Hill respectfully demands dismissal of this action

with prejudice as to himself.

John P. Quinn (P-23820)
Attorney for Defendants Hill et al.
1650 First National Building
Detroit, MI 48226
(313) 237-3082

Dated: June 9, 2004

-3-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Eddie Joe Lloyd and Tia Terese Glenn,

Plaintiffs,

v.

City of Detroit et al.,

Defendants.

_____/

Case No. 04 70922

U.S. District Judge: Hon. Gerald E. Rosen

U.S. Magistrate Judge: Hon. Steven D. Pepe

David A. Robinson (P-38754)
Attorney for Plaintiff
28145 Greenfield Road, Ste. 100
Southfield, MI 48176
(248) 423-7234

Margaret A. Nelson (P-30392)
Attorney for Defendants Detroit
  Psychiatric Institute and Bacon
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434

John P. Quinn (P-23820)
Attorney for Defendants DeGalan,
  Milliner, Rice, Day, Dungy, Deane, Hill
  and City, including Defendants Es-
  tates of Young and Hart in their Offi-
  cial capacities
1650 First National Building
Detroit, MI 48226
(313) 237-3082

James A. Surowiec (P-49560)
Attorney for Defendant County
600 Randolph, 2nd Floor
Detroit, MI 48226
(313) 224-6682

_____/

BRIEF IN SUPPORT OF
MOTION OF DEFENDANT HILL TO DISMISS FOR FAILURE TO STATE A CLAIM
AND ON GROUND OF QUALIFIED IMMUNITY

CONCISE STATEMENT OF QUESTIONS PRESENTED

I.  DO THE PLAINTIFFS HAVE ANY CLAIM AGAINST HILL ARISING UNDER 42 U.S.C. § 1983 IN LIGHT OF THEIR FAILURE TO ALLEGE THAT HILL ENCOURAGED THE SPECIFIC INCIDENTS OF MISCONDUCT THAT ALLEGEDLY INJURED THE PLAINTIFFS  OR THAT HE DIRECTLY PARTICIPATED IN THOSE INCIDENTS OF MISCONDUCT?

II.  DO THE ALLEGATIONS OF THE COMPLAINT MAKE OUT A VIOLATION OF THE FIRST AMENDMENT?

III.  DO THE ALLEGATIONS OF THE COMPLAINT MAKE OUT ANY COMMON-LAW TORT CLAIM AGAINST THE DEFENDANT HILL?

IV.  IS THE DEFENDANT HILL PROTECTED BY GOVERNMENTAL OR OFFICIAL IMMUNITY FROM LIABILITY ON THE PLAINTIFFS' COMMON-LAW TORT CLAIMS?

V.  DO THE PLAINTIFFS HAVE ANY CLAIM AGAINST THE DEFENDANT HILL FOR VIOLATION OF RIGHTS PROTECTED BY THE MICHIGAN CONSTITUTION?

VI.  IS GLENN'S § 1983 CLAIM TIME BARRED?

VII.  ARE THE COMMON-LAW TORT CLAIMS OTHER THAN LLOYD'S MALICIOUS PROSECUTION CLAIM TIME BARRED?

IX.  IS THE CLAIM ARISING UNDER THE MICHIGAN CONSTITUTION TIME BARRED?

X.  IS THE DEFENDANT HILL PROTECTED BY QUALIFIED IMMUNITY FROM SUIT AND FROM LIABILITY ON THE CLAIMS ASSERTED AGAINST HIM UNDER FEDERAL LAW?

-i-

CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Advocacy Org. For Patients and Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315 (6th Cir. 1999)

*Anderson v. Creighton*, 483 U.S. 635 (1982)

*Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984)

*Cagle v. Gilley*, 957 F.2d 1347 (6th Cir. 1992)

*Combs v. Wilkinson*, 315 F.3d 548 (6th Cir. 2002)

*Conlin v. Blanchard*, 890 F.2d 811 (6th Cir. 1989)

*Cope v. Heltsley*, 128 F.3d 452 (6th Cir. 1997)

*Crockett v Cumberland College*, 316 F.3d 571 (6th Cir. 2003)

*Cullinan v. Abramson*, 128 F.3d 301 (6th Cir. 1997)

*Dominque v. Telb*, 831 F.2d 673 (6th Cir. 1987)

*Duncan v. Leeds*, 742 F.2d 989 (6th Cir. 1984)

*Friedman v. Presser*, 929 F.2d 1151 (6th Cir. 1991)

*Garvie v. Jackson*, 845 F.2d 647 (6th Cir. 1988)

*Gibson v. Am.Bankers Ins.Co.*, 289 F.3d 943 (6th Cir. 2002)

*Greene v. Barber*, 310 F.3d 889 (6th Cir. 2002)

*Guercio v. Brody*, 911 F.2d 1179 (6th Cir. 1990), *cert. denied*, 500 U.S. 904(1991)

*Hall v. Tolleett*, 128 F.3d 418 (6th Cir. 1997)

*Heggen v. Lee*, 284 F.3d 675 (6th Cir. 2002)

*Hoover v. Radabaugh*, 307 F.3d 460 (6th Cir. 2002)

*Hughes v. City of North Olmsted*, 93 F.3d 238 (6th Cir. 1996)

-ii-

*Jones v. Powell*, 462 Mich. 329 (2000)

*Killiam v. Fuller,* 162 Mich.App. 210 (1987)

*Levin v. Childers*, 101 F.3d 44 (6th Cir. 1996)

*Mitchell v. Forsyth*, 472 U.S. 511 (1985)

*Moore v. Michigan Nat'l Bank*, 368 Mich. 71 (1962)

*Morgan v. Church's Fried Chicken*, 829 F.2d 10 (6th Cir. 1987)

*Mosley v. Federal Dep't Stores, Inc.*, 85 Mich.App. 333 (1978)

*Ohio Civil Serv. Employees Ass'n v. Seiter*, 858 F.2d 1171 (6th Cir. 1988)

*Pray v. City of Sandusky*, 49 F.3d 1154 (6th Cir. 1995)

*Rauch v. Day & Night Manufacturing Corp.*, 576 F.2d 697 (6th Cir. 1978)

*Rich v. City of Mayfield Heights*, 955 F.2d 1092 (6th Cir. 1992)

*Rippy v. Hattaway*, 270 F.3d 416 (6th Cir. 2001)

*Robinson v. City of Detroit*, 462 Mich. 439 (2000)

*Saucier v. Katz*, 533 U.S. 194 (2001)

*Sevier v. Turner*, 742 F.2d 262 (6th Cir. 1984)

*Sheets v. Mullins*, 287 F.3d 581 (6th Cir. 2002)

*Skousen v. Brighton High School*, 305 F.3d 520 ((6th Cir. 2002)

*Walton v. City of Southfield*, 995 F.2d 1331 (6th Cir. 1993)

*Wegener v. Covington*, 933 F.2d 390 (6th Cir. 1991)

*Wilson v. Garcia*, 471 U.S. 262 (1985)

U.S. Constitution, Amendment I

42 U.S.C. § 1983

Mich.C.L. § 600.5805

Mich.C.L. § 600.5827

Mich.C. L. § 600.5851

Mich.C.L. § 691.1407(2)

Fed.R.Civ.P. 12(b)(6)

ARGUMENT

I.   INTRODUCTION.

The plaintiffs claim that Eddie Joe Lloyd was wrongfully convicted of a murder he did not commit and imprisoned for seventeen years until DNA analysis of evidence that had been collected before his conviction established that he had not raped and killed the victim. They say the erroneous conviction was caused by: (a) the conduct of Detroit police officers who extracted a false confession from Lloyd, who was mentally ill, and fed him details about the crime to make the confession more credible; and (b) the woefully inadequate representation provided by the lawyers who were appointed to represent the indigent Lloyd.

Gilbert Hill was an Inspector in the Detroit Police Department. He was the officer in charge of the Homicide Section during the time of the investigation that led to Lloyd's conviction.[1] The plaintiffs do not claim that Hill directly participated in Lloyd's interrogation. Rather, they allege Hill was one of several supervisors with oversight responsibility for the officers who were involved in the investigation and did interrogate Lloyd,[2] and that those supervisors, including Hill, were deliberately indifferent in the supervision, hiring, training and discipline of those officers.[3] Hill is sued in his individual capacity.[4]

---

[1] Complaint (Docket No. 1, 4/11/04), ¶ 19.

[2] Id., ¶184.

[3] Id., ¶ 185.

[4] Id., ¶ 19.

Pursuant to Fed.R.Civ.P. 12(b)(6), Hill files this motion in lieu of an answer to the

Complaint. That rule permits a defendant to move for dismissal on account of the

plaintiffs' failure to state a claim upon which relief can be granted, provided the

defendant has not yet answered the Complaint. In considering this motion, the Court

must assume the truth of all the factual allegations of the Complaint and factual

inferences reasonably drawn from those allegations. However, legal conclusions and

unwarranted factual inferences are not accepted as true.[5]

A Rule 12(b)(6) motion is a proper vehicle  for asserting the defenses Hill raises

in this motion, namely, qualified immunity on the plaintiffs' federal claims and the statute

of limitations. Qualified immunity is designed to prevent public officers from being

distracted from their duties by unwarranted litigation. It therefore  protects not only from

liability but even from suit.[6] In order to serve this function most effectively, the defense

should be raised and resolved as early as possible in the course of litigation.[7] When the

---

[5] "The Court will not, however, accord the presumption of truthfulness to any legal conclusion, opinion or deduction, even if it is couched as a factual allegation." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). See also: *Advocacy Org. For Patients and Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999); *Rippy v. Hattaway*, 270 F.3d 416, 419 (6th Cir. 2001).

[6] *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Hoover v. Radabaugh*, 307 F.3d 460, 465 (6th Cir. 2002). "Qualified immunity is not a defense to liability; where it is applicable, its purpose is to shield the official from suit altogether, saving the official from the burdens of discovery and costs of trial. [Citation omitted.] . . . Qualified immunity is intended to serve the public interest by permitting officials to take action 'with independence and without fear of consequences.'" [Citation omitted.] *Crockett v Cumberland College*, 316 F.3d 571, 579 (6th Cir. 2003).

[7] "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v Forsyth*, 472 U.S. 511, 526 (1985), followed in *Skousen v. Brighton High*

-2-

elements of the defense can be shown from the allegations of the complaint, the defense should be raised in a Rule 12(b)(6) motion.[8]

Similarly, a Rule 12(b)(6) motion is a proper vehicle for asserting the defense that the plaintiff's claim is barred by the statute of limitations when facts alleged in the Complaint show that the action is time barred.[9]

II    PLAINTIFFS' THEORIES OF RECOVERY.

Eddie Joe Lloyd claims that the acts and omissions of the defendants, apparently including Hill, violated rights protected by the First,[10] Fourth,[11] Fifth,[12] Sixth[13] and Fourteenth[14] Amendments to the United States Constitution; and he seeks recovery for those alleged violations pursuant to 42 U.S.C. § 1983.[15] He further maintains that the

---

*School*, 305 F.3d 520, 527 ((6th Cir. 2002).

[8] *Dominque v. Telb*, 831 F.2d 673, 677 (6th Cir. 1987); *Levin v. Childers*, 101 F.3d 44, 48 (6th Cir. 1996).

[9] *Rauch v. Day & Night Manufacturing Corp.*, 576 F.2d 697, 702 (6th Cir. 1978); *Duncan v. Leeds*, 742 F.2d 989, 991 (6th Cir. 1984); *Gibson v. Am.Bankers Ins.Co.*, 289 F.3d 943, 946 (6th Cir. 2002).

[10] Complaint, *supra*, ¶¶ 5, 6.

[11] Id., ¶¶ 5, 6, 151 - 165.

[12] Id., ¶¶ 5, 6, 144 - 150.

[13] Id., ¶¶ 5, 6.

[14] Id., ¶¶ 5, 6, 127 - 143, 166 - 171.

[15] Id., ¶ 6. The plaintiffs also assert violations of 29 U.S.C. § 794 by the City of Detroit and the Detroit Psychiatric Institute, but not by Hill. Id., ¶¶ 5, 6, 172 - 183.

-3-

facts he alleges make out a conspiracy that is actionable under § 1983.[16] He also says

that the acts and omissions he alleges violated unidentified provisions of the Michigan

Constitution[17] and constituted the common-law torts of false arrest, false

imprisonment,[18] malicious prosecution,[19] intentional infliction of emotional distress,[20]

abuse of process[21] and gross negligence.[22]

Tia Terese Glenn, who says she is Lloyd's daughter, asserts § 1983 claims

based on the First and Fourteenth Amendments and unspecified "Michigan law".[23] All of

these claims appear to be incorporated into something called "42 U.S.C. § 1983

Pendent Claims Family Association Claims."[24]

---

[16] Id., ¶¶ 206 - 210.

[17] Id., ¶¶ 5, 6.

[18] Id., ¶¶ 213 - 219.

[19] Id., ¶¶ 220 - 227.

[20] Id., ¶¶ 225 - 227.

[21] Id., ¶¶ 228 - 230.

[22] Id., ¶¶ 231 - 233.

[23] Id., ¶ 6.

[24] Id., ¶¶ 211 - 212.

-4-

III. THE PLAINTIFFS HAVE NO CLAIM AGAINST HILL ARISING UNDER 42 U.S.C.
§ 1983 BECAUSE THEY DO NOT ALLEGE THAT hill ENCOURAGED THE
SPECIFIC INCIDENTS OF MISCONDUCT THAT ALLEGEDLY INJURED THE
PLAINTIFFS, NOR THAT HE DIRECTLY PARTICIPATED IN THOSE
INCIDENT OF MISCONDUCT.

The plaintiffs' sparse allegations against Hill are summarized above.[25] They do

not claim that Hill interrogated Lloyd or had any other contact with him. They do not

even say that Hill directed a subordinate to interrogate Lloyd or to do any other specific

act.

In the Sixth Circuit the law is clear that:

the § 1983 liability of supervisory personnel must be based on more than
the right to control employees. Section 1983 liability will not be imposed
solely upon the basis of respondeat superior. There must be a showing
that the supervisor encouraged the *specific* incident of misconduct or in
some other way *directly* participated in it. At a minimum, a § 1983 plaintiff
must show that a supervisory official at least implicitly authorized,
approved or knowingly acquiesced in the unconstitutional conduct of the
offending subordinate.[26] (Emphasis added)

The allegations against Hill are simply and clearly insufficient to impose § 1983 liability

on him.

IV THE ALLEGATIONS OF THE COMPLAINT DO NOT MAKE OUT A VIOLATION
OF THE FIRST AMENDMENT.

The plaintiffs maintain that their First Amendment rights were violated, but we are

left to guess why they think that is so. The First Amendment deals with the

establishment of religion, the free exercise of religion, freedom of speech and the press,

[25] Notes 2 - 4 and accompanying text, *supra.*

[26] *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). See also *Combs v. Wilkinson*,
315 F.3d 548, 558 *et seq*, (6th Cir. 2002); *Greene v. Barber*, 310 F.3d 889, 898 (6th Cir. 2002).

-5-

and the rights peaceably to assemble and to petition for redress of grievances. Nothing
in that amendment pertains in any way to this case as explained by the factual
allegations of the Complaint.

V.    THE ALLEGATIONS OF THE COMPLAINT DO NOT MAKE OUT ANY
      COMMON-LAW TORT CLAIM AGAINST THE DEFENDANT HILL.

      Although the plaintiffs say they are asserting their common-law tort claims
against "all defendant police officers," presumably including Hill, they do not even make
an effort to allege factually that Hill committed any tort. They do not allege that Hill
arrested anyone, imprisoned anyone, participated in any way in a criminal prosecution,
had any dealings with a plaintiff that could have resulted in emotional distress or played
any role in obtaining the issuance of legal process against anyone. Although they allege
in conclusory terms that Hill was deliberately indifferent in his supervision, hiring,
training and discipline, they do not allege a single fact in support of this conclusion, so
they fail to support a claim of negligent, much less grossly negligent, supervision.

VI.   THE DEFENDANT HILL IS PROTECTED BY GOVERNMENTAL OR OFFICIAL
      IMMUNITY FROM LIABILITY ON THE PLAINTIFFS' COMMON-LAW TORT
      CLAIMS.

      The plaintiffs allege that at the relevant times Hill was an employee of the City of
Detroit, a Michigan municipal corporation.[27] Michigan has enacted a statute that
provides limited liability in tort to such a person:

      Except as otherwise provided in this section, and without regard to the
      discretionary or ministerial nature of the conduct in question, each . . .

_____

[27] Complaint, *supra*, ¶¶ 10, 21.

-6-

employee of a governmental agency . . .is immune from tort liability for an injury to a person or damage to property caused by the . . . employee . . . while in the course of employment . . . if all of the following are met:

(a)   The . . . employee . . . is acting or reasonably believes he or she is acting within the scope of his or her authority.

(b)   The governmental agency is engaged in the exercise or discharge of a governmental function.

(c)   The . . . employee's . . .conduct does not amount to gross negligence that is the proximate cause of the injury or damage. As used in this subdivision, ""gross negligence"" means conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.[28]

The Michigan Supreme Court has authoritatively construed the phrase "the proximate cause" as used in this section: "[T]he Legislature provided tort immunity for employees of governmental agencies unless the employee's conduct amounts to gross negligence that is the one most immediate, efficient, and direct cause of the injury or damage, i.e., the proximate cause."[29]

The plaintiffs allege that the City, Hill's employer, was engaged in a governmental function.[30] They allege that he was a supervisory officer in the Police Department,[31] and that he did the work of a supervisor, that is, that he acted within the scope of his

---

[28] Mich.C.L. § 691.1407(2).

[29] Robinson v. City of Detroit, 462 Mich. 439, 462 (2000).

[30] Complaint, supra, ¶ 232.

[31] Id., ¶ 184.

-7-

authority.[32] Although they allege in very general, conclusory terms that "Defendant Police Officers" and the defendants Han and Bacon acted with gross negligence,[33] they do not allege any fact tending to show that Hill was grossly negligent.[34] Moreover, the allegations of the Complaint clearly show that no act or omission by Hill was "the one most immediate, efficient, and direct cause of the injury or damage"[35] suffered by either plaintiff. More immediate, efficient and direct causes of any such injury or damage include the conduct of the officers who actually interrogated Lloyd[36] and actually turned the case over to the prosecuting attorney,[37] as well as the conduct of the lawyers who failed to provide him with an adequate defense.[38]

Accepting as true all the factual allegations of the Complaint, Hill is immune from liability on all the common-law tort claims.

----

[32] Id., ¶¶ 32, 184.

[33] Id., ¶¶ 231 - 233

[34] See note 6, supra.

[35] See note 30 and accompanying text, supra.

[36] Complaint, supra, ¶¶ 49 - 61.

[37] Id., ¶¶ 62 - 64, 73 - 78.

[38] Id., ¶¶ 84 - 99.

-8-

VII.    THE PLAINTIFFS HAVE NO CLAIM AGAINST THE DEFENDANT HILL FOR
        VIOLATION OF RIGHTS PROTECTED BY THE MICHIGAN CONSTITUTION.

        The plaintiff seeks to recover damages for alleged violations of rights protected

by unidentified provisions the Michigan Constitution.[39] However, the Michigan Supreme

Court has held that a claim for violation of the Michigan Constitution can be maintained

only if there is no other remedy for the same injury. Because municipalities and

municipal employees can be sued for violation of rights protected by the U.S.

Constitution and because the Michigan Constitution generally guarantees the same

rights as the U.S. Constitution, a claim for violation of the Michigan Constitution cannot

be maintained against a municipality or a municipal employee.[40]

        The plaintiffs do not identify any right that was allegedly violated and is protected

by the Michigan Constitution but not the United States Constitution. They therefore have

no claim against Hill or any other defendant for violation of the Michigan Constitution.

VIII.   THE PLAINTIFFS' CLAIMS AGAINST HILL, WITH THE EXCEPTION OF
        LLOYD'S MALICIOUS PROSECUTION CLAIM AND THE POSSIBLE
        EXCEPTION OF LLOYD'S CONSTITUTIONAL CLAIMS ARISING UNDER 42
        U.S.C. § 1983, ARE TIME BARRED.

        A.      Glenn's § 1983 Claim Is Time Barred.

        Since Congress has enacted no statute of limitations for § 1983 claims, the

general personal-injury statute for the relevant state sets the limitation period.[41] In

---

[39] Complaint, *supra*, ¶¶ 5, 6.

[40] *Jones v. Powell*, 462 Mich. 329 (2000).

[41] *Wilson v. Garcia*, 471 U.S. 262, 275 (1985).

-9-

Michigan, that period is three years.[42] However, the accrual of a § 1983 claim is not governed by Michigan's accrual statute but rather by federal common law.[43] The limitation period begins to run when the plaintiff knows or should know of the injury that is the basis of § 1983 claim.[44] The focus is on the plaintiff's knowledge of the harm he has incurred, not his knowledge of the underlying facts that give rise to the harm.[45]

The harm Glenn claims to have suffered because of the alleged wrongdoing of the defendants consists of interference with her economic and emotional relationship with her father, the plaintiff Lloyd.[46] Giving her the benefit of every doubt, we can assume that she did not become aware of that harm until she attained her majority in about 1992.[47] This is much more than three years before the commencement of this action. Her § 1983 claim is therefore time-barred.[48]

---

[42] Mich.C.L. § 600.5805(10); *Conlin v. Blanchard*, 890 F.2d 811, 815 (6th Cir. 1989).

[43] *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

[44] Id.

[45] *Friedman v. Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991).

[46] Complaint, *supra*, ¶ 212.

[47] The plaintiffs allege that Ms. Glenn was eleven years old as of May 2, 1985. Complaint, *supra*, ¶¶ 6, 94, 102. This implies that she attained her majority in about 1992.

[48] The record requires further development before counsel for the defendant Hill will be prepared to ask the Court to rule on the question whether *Heck v. Humphrey*, 512 U.S. 477 (1994), saves Lloyd's constitutional § 1983 claims from the bar of the statute of limitations. In this motion we do not address the question whether his claim based on 29 U.S.C. § 794 is time-barred because that claim is not asserted against Hill. *Heck* does not save Glenn's claim from the bar of the statute of limitations. See Reply Brief in Support of Defendant Milliner's Motion to Dismiss for Failure to State a Claim and on Ground of Qualified Immunity (6/8/04) at 2 - 5.

B.    The Common-Law Tort Claims Other Than Lloyd's Malicious Prosecution
      Claim Are Time-Barred.

The plaintiffs do not allege any act or omission by Hill more recent than 1985.

This action was filed in 2004. The limitations on the Michigan common-law torts charged

by the plaintiffs, except the malicious prosecution claim, are set forth here:

| Tort | Limitation Period | Mich.C.L. § |
|------|-------------------|-------------|
| false arrest | two years | 600.5805(2) |
| intentional infliction of emotional distress | three years | 600.5805(10)[49] |
| abuse of process | three years | 600.5805(10)[50] |
| gross negligence | Three years | 600.5805(10) |

Each claim accrues when the wrong is done.[51]

Mich.C.L. § 600.5851 recognizes two disabilities that may prevent a person with

a cause of action from asserting it. They are infancy (that is, being less than eighteen

years old) and insanity. A person who suffers from either disability when his or her claim

accrues has until one year after removal of the disability to pursue the claim regardless

of the running of the statute of limitations.

---

[49] See *Killiam v. Fuller*, 162 Mich.App. 210 (1987); *Mosley v. Federal Dep't Stores, Inc.*,
85 Mich.App. 333 (1978).

[50] See *Moore v. Michigan Nat'l Bank*, 368 Mich. 71, 75 (1962).

[51] Mich.C.L. § 600.5827.

-11-

According to the Complaint, Ms. Glenn attained her majority in about 1992,[52] much more than one year before commencement of this action. The disability of infancy therefore does not save her tort claims, and they are time barred.

Insanity, for purposes of § 600.5851, is "a condition of mental derangement such as to prevent the sufferer from comprehending rights he or she is otherwise bound to know and is not dependent on whether or not the person has been judicially declared insane."[53] The plaintiffs make several allegations that might support a claim that Lloyd was insane in 1984.[54] However, no facts are alleged tending to show that he remained continuously[55] insane until at least March 4, 2003, that is, one year before commencement of this action. The plaintiffs catalogue the medical problems Mr. Lloyd experienced during his imprisonment, but make no mention of any mental illness or other condition of mental derangement.[56] Indeed, they allege that as long ago as 1995 Lloyd comprehended his rights so well that he contacted the Innocence Project to seek assistance in obtaining the testing of biological evidence that ultimately resulted in his release from prison.[57] The facts alleged therefore do not bring Lloyd's claim within the

---

[52] See note 48, *supra*.

[53] Mich.C.L. § 600.5851(2).

[54] See Complaint, *supra*, ¶¶ 44 - 47.

[55] The statute applies only to a disability that continues uninterrupted from the accrual of the claim until not more than one year before commencement of an action on the claim. Mich.C. L. § 600.5851(5).

[56] Complaint, *supra*, ¶¶ 105 - 106

[57] Id., ¶ 107.

-12-

saving provision for claims that accrue during the claimant's insanity, and his claims remain time barred.

      C.     Any Claim Arising Under the Michigan Constitution Is Time Barred.

As we have shown[58] the circumstances in which a plaintiff can recover against a city or a city employee for violation of the Michigan Constitution are extraordinarily narrow. It appears that the possibility of such a recovery is so remote that the Michigan courts have had no occasion to consider what limitations period should apply to such claims. Nonetheless, it seems clear that when, as in this case, a plaintiff seeks recovery for personal injury allegedly caused by violation of the Michigan Constitution, the claim is subject to the general three-year limitation period for injuries to the person[59] and accrues when the wrong is done. Since under even the most plaintiff-friendly reading of the Complaint, there is no allegation that Hill did or failed to do anything more recently than 1985, which is substantially more than three years before the commencement of this action, the Michigan constitutional claim is time barred.

IX.     THE DEFENDANT HILL IS PROTECTED BY QUALIFIED IMMUNITY FROM SUIT AND FROM LIABILITY ON THE CLAIMS ASSERTED AGAINST HIM UNDER FEDERAL LAW.

"In civil damage actions arising out of governmental officials' performance of discretionary functions, the officials are generally entitled to qualified immunity from suit 'insofar as their conduct does not violate clearly established statutory or constitutional

---

[58] Note 41 and accompanying text, *supra*.

[59] Mich.C.L. § 600.5805(10).

-13-

rights of which a reasonable person would have known.'"[60] "Before this Court can
determine whether [a defendant] is entitled to qualified immunity, [the Court] must first
decide whether Plaintiffs state a valid claim pursuant to 42 U.S.C. § 1983."[61] Since we
have shown above that neither plaintiff states a valid § 1983 claim against Hill,[62] the
action should be dismissed as to him without any need to reach the issue of qualified
immunity.

If it were necessary to reach the issue of qualified immunity the case should still
be dismissed as to Hill. When a defendant raises the qualified-immunity defense, "the
plaintiff bears the burden of showing that the defendant's conduct violated a right so
clearly established that a reasonable official in his position would have clearly
understood that he or she was under an affirmative duty to refrain from such conduct.
[Citation omitted.] The ultimate burden of proof is on the plaintiff to show that the
defendant is not entitled to qualified immunity."[63] When the  defense is raised at this
stage in a lawsuit, courts use a two-step analysis to determine the merits of the

---

[60] *Greene v. Barber*, 310 F.3d 889, 894 (6th Cir. 2002).

[61] *Heggen v. Lee*, 284 F.3d 675, 679 (6th Cir. 2002), following *Hall v. Tolleett*, 128 F.3d
418, 422 (6th Cir. 1997).

[62] See notes 2 - 4, 26, 27 and 42 - 49 and accompanying text, *supra*.

[63] *Sheets v. Mullins*, 287 F.3d 581, 586 (6th Cir. 2002), following *Rich v. City of Mayfield
Heights*, 955 F.2d 1092, 1095 (6th Cir. 1992), and *Wegener v. Covington*, 933 F.2d 390, 392
(6th Cir. 1991).

-14-

defense.[64] The first question is whether the allegations of the complaint make out a violation of a right protected by the Constitution. If this question is answered in the negative, the action is dismissed and there is no need to consider the second question. If the first question is answered affirmatively, the Court must determine whether, assuming the truth of the factual allegations of the complaint the right violated was so clearly established that any reasonable government official in the defendant's position would necessarily have realized that his or her challenged actions violated that right. If the answer to this question is negative the action must be dismissed.

In considering this second question, the Court must examine the asserted right "at a relatively high level of specificity. The right must have been 'clearly established' not just in an abstract sense, but in a 'particularized' sense. [Citation omitted.] Claims of immunity are thus to be analyzed 'on a fact-specific, case-by-case basis to determine whether a reasonable official in the defendant['s] position could have believed that his conduct was lawful . . . .' [Citations omitted.] And the burden of convincing the court that the law was clearly established under this particularized 'could have believed' test is a burden that rests squarely on the plaintiff. [Citation omitted.]"[65] "'Ordinarily, to find a clearly established constitutional right, a district court within the Sixth Circuit must find

---

[64] *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Hoover. Supra*; *Greene v. Barber*, *supra*, at 894.

[65] *Cope v. Heltsley*, 128 F.3d 452, 458 (6th Cir. 1997), following *Anderson v. Creighton*, 483 U.S. 635, 640 (1982); *Pray v. City of Sandusky*, 49 F.3d 1154, 1158 (6th Cir. 1995); *Garvie v. Jackson*, 845 F.2d 647, 650 (6th Cir. 1988); *Guercio v. Brody*, 911 F.2d 1179, 1184 (6th Cir. 1990), cert. denied, 500 U.S. 904(1991); *Cullinan v. Abramson*, 128 F.3d 301 (6th Cir. 1997); *Hughes v. City of North Olmsted*, 93 F.3d 238, 241 (6th Cir. 1996).

binding precedent from the Supreme Court, the Sixth Circuit, or from itself. [Citation Omitted.] Although decisions of other courts can clearly establish the law, such decisions must both point unmistakenly [*sic*] to the unconstitutionality of the conduct and be so clearly foreshadowed by applicable direct authority as to leave no doubt in the mind of a reasonable officer that his conduct was unconstitutional.' [Citation Omitted.] 'It is only in extraordinary cases that we can look beyond Supreme Court and Sixth Circuit precedent to find 'clearly established law.' [Citation omitted]"[66]

If we apply the two-step analysis to the claim against Hill his immunity is very clear. We have already shown that the allegations of the Complaint do not make out a claim that Hill violated a constitutional right of either plaintiff.[67] The first question in the qualified immunity analysis therefore must be answered in the negative. If it were answered affirmatively so that it became necessary to consider the second question (whether a reasonable officer in Hill's position could have believed that he did not violate the Constitution) qualified immunity would still apply: our research has uncovered no Supreme Court or Sixth Circuit authority before 1885 that would have put Hill on notice that he could personally violate a person's constitutional rights without direct participation in a specific act or omission that violated such a right.

---

[66] *Cope, supra*, at 459, n. 4, following *Ohio Civil Serv. Employees Ass'n v. Seiter*, 858 F.2d 1171, 1177 (6th Cir. 1988); *Cagle v. Gilley*, 957 F.2d 1347, 1348 (6th Cir. 1992); *Walton v. City of Southfield*, 995 F.2d 1331, 1336 (6th Cir. 1993).

[67] See Notes 26 - 27 and accompanying text, *supra*.

-16-

## RELIEF

The motion should be granted. The action should be dismissed with prejudice as

to the defendant Hill.

John P. Quinn (P-23820)
Attorney for Defendants Hill et al.
1650 First National Building
Detroit, MI 48226
(313) 237-3082

Dated: June 9, 2004

-17-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Eddie Joe Lloyd and Tia Terese Glenn,

    Plaintiffs,

Case No. 04 70922

v.

U.S. District Judge: Hon. Gerald E. Rosen

U.S.Magistrate Judge: Hon. Steven D. Pepe

City of Detroit et al.,

    Defendants.

_____/

## NOTICE OF HEARING

To:   David A. Robinson (P-38754)
       Attorney for Plaintiff
       28145 Greenfield Road, Ste. 100
       Southfield, MI 48176

       James A. Surowiec (P-49560)
       Attorney for Defendant County
       600 Randolph, 2nd Floor
       Detroit, MI 48226

Margaret A. Nelson (P-30392)
Attorney for Defendants DPI and
  Bacon
P.O. Box 30736
Lansing, MI 48909

The Motion of Defendant Hill to Dismiss for Failure to State a Claim and on

Ground of Qualified Immunity may be decided without a hearing, If there is to be a

hearing it will be at a time and place to be determined by the Court.

John P. Quinn (P-23820)
Attorney for Defendants Hill et al.
1650 First National Building
Detroit, MI 48226
(313) 237-3082

Dated: June 8, 2004

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Eddie Joe Lloyd and Tia Terese Glenn,

      Plaintiffs,

    v.

City of Detroit, a Municipal Corporation,
County of Wayne, a Sub Unit of Govern-
ment, Officer Thomas DeGalan, Officer
Sylvia Milliner, Officer William Rice,
Sergeant Kenneth Day, Supervisor John
Does, Detroit Psychiatric Institute, Dr. Kyung
Seok Han, Barbara Bacon, MSW, Estate
of William Hart, former Chief of Police,
Deputy Chief Richard Dungy, Estate of
Coleman Young, former Mayor of City of
Detroit, Gilbert R. Hill, Former Officer in
Charge of Homicide, Lieutenant Robert L.
Dean,

      Defendants.

_____/

Case No. 04 70922

U.S. District Judge: Hon. Gerald E. Rosen

U.S.Magistrate Judge: Hon. Steven D. Pepe



David A. Robinson (P-38754)
Attorney for Plaintiff
28145 Greenfield Road, Ste. 100
Southfield, MI 48176
(248) 423-7234

Margaret A. Nelson (P-30392)
Attorney for Defendant Detroit
  Psychiatric Institute
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434

John P. Quinn (P-23820)
Attorney for Defendants DeGalan,
  Milliner, Rice, Day, Dungy and City
  including Defendants Estates of
  Young and Hart in their Official
  Capacities
1650 First National Building
Detroit, MI 48226
(313) 237-3082

James A. Surowiec (P-49560)
Attorney for Defendant County
600 Randolph, 2nd Floor
Detroit, MI 48226
(313) 224-6682

_____/

K:\DOCS\LIT\QUINJ\A37000\PROOF\JF1271.WPD

## PROOF OF SERVICE

STATE OF MICHIGAN    )
                             )SS
COUNTY OF WAYNE     )

JEANETTE FRUGE, being first duly sworn, deposes and says that on **June 9, 2004**, she served a copy of the **Motion of Defendant Hill to Dismiss for Failure to State A Claim and On Ground of Qualified Immunity, Brief in Support of Motion, Notice of Hearing, and Proof of Service** upon:

David A. Robinson, Esq.
28145 Greenfield Road
Suite 100
Southfield, MI 48176

Margaret A. Nelson
P.O. Box 30736
Lansing, MI 48909

James A. Surowiec
600 Randolph, 2nd Flr.
Detroit, MI 48226

the above-named attorneys of record by placing same in envelope and after securely sealing same and affixing sufficient first class postage thereto, deposited same in the United States mail for transmission to the addressee thereof.

_____
Jeanette Fruge

Subscribed and sworn to before me
this 9th day of June, 2004

_____
Notary Public, Wayne County, Michigan
My Commission Expires: 7/14/05