#7A

# LABORATORY TECHNICIAN REPORT

5/12/87 DPD-FOIA 4/1/87

PAGE NO. FIVE (5) | LAB NO. B-0056-84

4. Unknown head hairs collected from inside satchel purse, on EPT. #061470 (Item $O_6$), were compared to known head hair samples of deceased Michelle Jackson, and were found to be SIMILAR and could have a common origin. The unknown hairs were DISSIMILAR to known hair samples of [redacted]

NOTE: Unknwn hairs from EPT. #138996 and EPT. #061470, placed on EPT. #491118 and sent to property office.

On 12-11-84 at 10:25 a.m. Eddie Joe Lloyd was accompanied by P.O. DeGalen to the Serology Unit of the Detroit Police Crime Lab for the purpose of having blood, saliva and hair sample taken for TYPE 0 Rh+ Warrant #01341

NON-SECRETOR

CONCLUSIONS ON UNKNOWN HAIRS:

The unknown hairs collected on soiled ski mask on EPT. #061474 (Item M), were compared to the known head hair samples of Mr. Eddie Lloyd, and were found to be DISSIMILAR and could not have a common origin.

The unknown hairs on EPT. #'s 138996, 061470 which were SIMILAR to hairs from deceased, were also dissimilar to the known hairs of Mr. Eddie Lloyd.

APPENDAGE # DPD-FOIA #7



#8A

DETROIT POLICE DEPARTMENT

# PROPERTY RELEASE

Date 1-20-84

COMMANDING OFFICER
Property Office, Room 108
1300 Beaubien, Detroit

THIS RELEASE VOID 30 DAYS AFTER ABOVE DATE

Storage charges of $3 a day are made if a motor vehicle is not removed from the Auto Pound within 24 hours from above notification date.

The Department has no further use for the following property now in your possession, and it may be released to the owner.

TAG NUMBERS: 097624

PROPERTY: 1- 1975 Burf/Silver Oldsmobile,

[redacted]

was taken from [redacted], Homi, 1-26-84
Name / Precinct / Date taken

and claimed by [redacted], Homi, 1-20-84

Approved, Commanding Officer

Signed, Officer in Charge of Case

DPD 172 (See Reverse Side)

7

APPENDAGE #8A

Rec'd
on
5/12/87
FOIA #DPD2



#9A

DETROIT
DEPARTMENT
POLICE

# PROPERTY RELEASE

Date 1-27-84

COMMANDING OFFICER
Property Office, Room 108
1300 Beaubien, Detroit

THIS RELEASE VOID 30 DAYS AFTER ABOVE DATE

**Storage charges of $3 a day are made if a motor vehicle is not removed from the Auto Pound within 24 hours from above notification date.**

The Department has no further use for the following property now in your possession, and it may be released to the owner.

TAG NUMBERS: 097033

PROPERTY: 1- 1981 Honda, Silver, 4-D, 84 Mi. , Vin#

was taken from Name Home, 1-25-84 Date taken

and claimed by Home, 1-25-84

Approved, Commanding Officer

Signed, Officer in Charge of Case

D.P.D. 122 (7-75)

(See Reverse Side)

C of D—4-AU (Rev. 7-75)

8

Rec'd
on
5/13/87
FOIA # DPD 2

APPENDAGE # 9A

CF 862

571741

STATE OF MICHIGAN
DEPARTMENT OF PUBLIC HEALTH

STATE FILE NUMBER

# CERTIFICATE OF DEATH

6

DECEDENT NAME (First, Middle, Last): 1. MICHELLE K. JACKSON (HUGHEY)
SEX: 2. FEMALE
DATE OF DEATH (Mo., Day, Yr.): 3. JANUARY 25, 1984
RACE – e.g., White, Black, American Indian, etc. (Specify): 4. BLACK
AGE – Last Birthday (Yrs.): 5a. 16
UNDER 1 YEAR (Mos, Days): 5b.
UNDER 1 DAY (Hours, Mins): 5c.
DATE OF BIRTH (Mo., Day, Yr.): 6. 5-2-1967
COUNTY OF DEATH: 7a. WAYNE
LOCATION OF DEATH (Check one and specify): [X] INSIDE CITY LIMITS OF DETROIT; [ ] INSIDE VILLAGE LIMITS OF; [ ] TWP. OF — 7b.
HOSPITAL OR OTHER INSTITUTION – Name (If not in either, give street and number): 7c. R/O 3135 FENKELL
STATE OF BIRTH (If not in U.S.A., name country): 8. MICHIGAN
CITIZEN OF WHAT COUNTRY: 9. USA
MARRIED, NEVER MARRIED, WIDOWED, DIVORCED (Specify): 10. NEVER MARRIED
SURVIVING SPOUSE (If wife, give maiden name): 11.
WAS DECEDENT EVER IN U.S. ARMED FORCES? (Specify Yes or No): 12. NO
SOCIAL SECURITY NUMBER: 13. UNKNOWN
USUAL OCCUPATION (Give kind of work done during most of working life, even if retired): 14a. STUDENT
KIND OF BUSINESS OR INDUSTRY: 14b. PUBLIC SCHOOL
CURRENT RESIDENCE – STATE: 15a. MICHIGAN
COUNTY: 15b. WAYNE
LOCALITY (Check one and specify): [X] INSIDE CITY LIMITS OF DETROIT; [ ] INSIDE VILLAGE LIMITS OF; [ ] TWP. OF — 15c.
STREET AND NUMBER: 15d. 4203 CORTLAND APT.103
FATHER – NAME (First, Middle, Last): 16. ALEX A. JACKSON
MOTHER – MAIDEN NAME (First, Middle, Last): 17. CARLOTTA HUGHEY
INFORMANT: 18a (Signature) ▶ CARLOTTA JACKSON
MAILING ADDRESS (Street or R.F.D. No., City or Town, State, Zip): 18b. 4203 CORTLAND DETROIT MICHIGAN 48204

19. PART I — IMMEDIATE CAUSE (ENTER ONLY ONE CAUSE PER LINE FOR (a), (b), AND (c).)
(a) STRANGULATION — Interval between onset and death: UNKNOWN
DUE TO, OR AS A CONSEQUENCE OF:
(b) — Interval between onset and death:
DUE TO, OR AS A CONSEQUENCE OF:
(c) — Interval between onset and death:

PART II OTHER SIGNIFICANT CONDITIONS – Conditions contributing to death but not related to cause given in PART I
AUTOPSY (Specify Yes or No): 20. YES
WAS CASE REFERRED TO MEDICAL EXAMINER? (Specify Yes or No): 21. YES

PLACE OF DEATH (Home, Nursing Home, Hospital, Ambulance) (Specify): 22a. IN VACANT GARAGE
IF HOSP. OR INST., Indicate DOA, OP/Emer. Rm., Inpatient (Specify): 22b.

CERTIFYING PHYSICIAN
23a. To the best of my knowledge, death occurred at the time, date and place and due to the cause(s) stated.
(Signature and Title) ▶
DATE SIGNED (Mo., Day, Yr.): 23b.
HOUR OF DEATH: 23c. M
NAME OF ATTENDING PHYSICIAN IF OTHER THAN CERTIFIER (Type or Print): 23d.

MEDICAL EXAMINER
24a. (Check one box) [ ] The case reviewed and determined not to be a medical examiner's case
[X] On the basis of examination and/or investigation, in my opinion death occurred at the time, date and place and due to the cause(s) stated.
M.E. #671-84
(Signature and Title) ▶ [signature]
DATE SIGNED (Mo., Day, Yr.): 24b. JANUARY 25, 1984
HOUR OF DEATH: 24c. UNKNOWN M
PRONOUNCED DEAD (Mo., Day, Yr.): 24d. ON JANUARY 25, 1984
PRONOUNCED DEAD (Hour): 24e. AT 10:45 a. M

NAME AND ADDRESS OF CERTIFIER (PHYSICIAN OR MEDICAL EXAMINER) (Type or Print): 25. GEORG RUSSANOW, M.D., ASST. MED. EXAM., 400 EAST LAFAYETTE, DETROIT, MI 48226

ACC., SUICIDE, HOM., NATURAL OR PENDING INVEST. (Specify): 26a. HOMICIDE
DATE OF INJURY (Mo., Day, Yr.): 26b. FOUND JANUARY 25, 1984
HOUR OF INJURY: 26c. UNKNOWN
DESCRIBE HOW INJURY OCCURRED: 26d. FOUND STRANGLED
INJURY AT WORK (Specify Yes or No): 26e. NO
PLACE OF INJURY – At home, farm, street, factory, office building, etc. (Specify): 26f. IN VACANT GARAGE
LOCATION (Street or R.F.D. No., City, Village, or Township, State): 26g. R/O 3135 FENKELL, DETROIT, MI

BURIAL, CREMATION, REMOVAL, OTHER (Specify): 27a. BURIAL
CEMETERY OR CREMATORY – NAME: 27b. UNITED MEMORIAL GARDENS
LOCATION (City, Village, or Township, State): 27c. SUPERIOR TWP. MICHIGAN
DATE (Mo., Day, Yr.): 27d. JAN. 30, 1984
NAME OF FACILITY: 28a. JETER MEMORIAL FUNERAL HOME
ADDRESS OF FACILITY: 28b. 8436 W. CHICAGO DET. MI. 48204
FUNERAL SERVICE LICENSEE (Signature): 28c. ▶ [signature] Bettye J. Jeter
REGISTRAR (Signature): 29a. ▶ [signature]
DATE RECEIVED BY REGISTRAR (Mo., Day, Yr.): 29b. JAN 27 1984

ISSUED TO:

THIS RECORD PROVIDED FREE OF CHARGE FOR OFFICAL USE ONLY

THIS CERTIFIES THAT THE ABOVE IS A TRUE COPY OF FACTS RECORDED ON THE RECORD OF THE PERSON NAMED HERON, AS FILED AT THE DETROIT DEPARTMENT OF HEALTH.

COLEMAN A. YOUNG, MAYOR
CITY OF DETROIT

APR 28 1988
DATED

[signature] Gloria J. Harper
GLORIA J. HARPER
REGISTRAR, VITAL RECORDS
DETROIT DEPARTMENT OF HEALTH

APPENDAGE - COD #1

WAYNE COUNTY MEDICAL EXAMINER'S OFFICE 400 E. Lafayette, Detroit, Michigan 48226

Phone: (313) 224-5640

TO WHOM IT MAY CONCERN:

I HEREBY CERTIFY that on the 25th day of January in the year 1984 in accordance with the provisions of law, there was made an examination of the body and personal inquiry into the cause and manner of the death of

Michelle K. Jackson (name) 16 (age) Black Female (race)

who died on the 25th day of January in the year 1984.

I FURTHER DECLARE it to be my opinion that the decedent DIED OF

strangulation. In addition, a ligature mark was noted around the neck, especially prominent over the back of the neck. Small bleeding was noted in the muscles of the neck. The brain was markedly swollen. The rectum and vagina showed tears. Sperm were found on smears from the rectum and vagina. There was no pathology present in the organs examined.

Rec'd 3/8/88 on FOIA Request of 2/29/88 Wayne County Medical Examiner's Office

CASE NO: 671-84

A TRUE STATEMENT MADE UNDER THE PENALTIES OF PERJURY

[signature] M.D.
GEORG RUSSANOW
Assistant Medical Examiner

APPENDAGE - PX I

Page No: ____

TO: WHOM IT MAY CONCERN,
ALL DISTRICT COURT JUDGES
& MAGISTRATES

FROM: Eddie Lloyd,
Petitioner

SUBJECT: REQUESTING REVIEW OF HEREIN LISTED ISSUES

Dear Hon. Judges/Magistrates:

I, Eddie Lloyd, hereby submit the following issues and respectfully request of this Honorable Court to review these issues along with the issues raised in my Petition for Writ of Habeas Corpus. I am submitting these issues because I am informed at the bottom of page 4 of my writ: Caution: In order to proceed in the Federal Court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the Federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

ISSUES FOR REVIEW

I

THE ISSUE OF PROMPT ARRAIGNMENT.

II

THE ISSUE OF PROMPT PRELIMINARY EXAMINATION

III

THE ISSUE OF ARREST, SURROUNDING CIRCUMSTANCES AND SUBSEQUENT CHARGE.

IV

THE ISSUE OF THE CONSTITUTIONALITY/LEGALITY OF THE FELONY WARRANT.

V

THE ISSUE OF THE INSUFFICIENCY OF EVIDENCE TO BIND OVER AT THE PRELIMINARY EXAMINATION ON 1ST DEGREE MURDER. THE CHARGES SHOULD HAVE BEEN DISMISSED.

VI

THE ISSUE OF THE CONSTITUTIONAL VIOLATION OF THE SPIRIT OF MIRANDA.

VII

THE ISSUE OF THE VIOLATION OF DEFENDANT'S 5TH & 6TH AMENDMENT RIGHTS TO COUNSEL.

VIII

THE ISSUE OF THE INSUFFICIENT WAIVER OF RIGHTS.

IX

THE NON-ENDORSEMENT OF ALL RES GESTAE WITNESSES BY THE PEOPLE DENIED DEFENDANT COMPULSORY PROCESS TO CONFRON* TATION, WHICH ARE BOTH STATE AND FEDERALLY PROTECTED RIGHTS UNDER THE 6TH AMENDMENT, APPLICABLE TO THE STATES UNDER THE 14TH AMENDMENT.

X

THERE ARE NUMEROUS "INEFFECTIVE ASSISTANCE OF COUNSEL" CLAIMS WHICH SHOULD BE REVIEWED BY THIS HONORBLE COURT.

XI

THERE ARE MERITORIOUS "INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL" CLAIMS WHICH SHOULD BE REVIEWED BY THIS HONORABLE COURT.

XII

THE ISSUE OF THE VOIR DIRE PICKING OF THE JURY BY THE TRIAL JUDGE.

XIII

A MISTRIAL SHOULD HAVE BEEN GRANTED AS REQUESTED BY COUNSEL WHERE THE TRIAL COURT ALLOWED P.O. THOMAS DEGALAN TO TESTIFY ABOUT AN ALLEGED RAPE,(1974), WHICH HE CONTENDED THAT THE DEFENDANT ALLEGED TOLD HIM ABOUT,NO SUCH INCIDENT EVER HAPPENED.

XIV

THE QUESTION OF MALICE WAS NEVER SUBMITTED TO THE JURY, THUS REVERSAL IS REQUIRED. NEITHER WAS PREMEDITATION OR DELIBERATIONS.

XV

THERE WERE NUMEROUS ERRONEOUS INSTRUCTIONS TO THE JURY:

The Court throughout its instruction to the jury repeatedly instructed on "1st degree murder while in the perpetration of or attempt to commit criminal sexual conduct or rape." Petitioner was not charged with any count of criminal sexual conduct or rape, only first degree murder. This was an erroneous charge and instruction to the jury for the crime of "Felony murder", of which Petitioner was not charged.

XVI

THE PEOPLE'S ENTIRE CASE-IN-CHIEF WAS "HEARSAY".

XVII

ON THE SECOND DAY OF TRIAL AND DURING THE PLAYING OF THE "ALLEGED TAPE", JODIE KENNEY SCREAMED OUT...,"DID YOU HEAR WHAT THAT MAN SAID...THAT MAN SHOULD DIE!" AT THIS TIME,A MISTRIAL SHOULD HAVE BEEN REQUESTED BY COUNSEL AND GRANTED BY THE COURT. THIS "PLANNED THEATRICS", WAS EXTREMELY PREJUDICIAL AND "HIGHLY INFLAMMATORY" IN THAT IT LED THE JURY TO BELIEVE THAT JODIE KNEW THAT THAT WAS THE DEFENDANT'S VOICE ON THE TAPE. NO CAUTIONARY INSTRUCTIONS WERE GIVEN BY THE COURT TO THE JURY, NOR WERE ANY REQUESTED. THIS WAS REVERSIBLE ERROR, ESPECIALLY SINCE THIS WAS THE SAME COUSIN WHO ALLEGEDLY FOUND THE BODY. THERE WAS NO WAY OF CURING THIS ERROR OTHER THAN THE GRANTING OF A MISTRIAL.

XVIII

A DIRECTED VERDICT "TO ACQUIT" SHOULD HAVE BEEN REQUESTED BY COUNSEL AT THE CLOSE OF THE PEOPLES'S PROOF AND GRANTED BY THE COURT. A MOTION TO DIMISS WAS REQUESTED BY COUNSEL AND DENIED.

XIX

******** THE PEOPLE CONTENDED THROUGHTOUT THE PROCEEDING, UP AND THROUGH THROUGH TRIAL THAT THE DEFENDANT "ALLEGEDLY GAVE THE STATEMENT/ CONFESSION TO: "BRING OUT THE REAL KILLERS OF MICHELLE JACKSON."

Note: An evidentiary hearing should have been held to ascertain the truthfulness or falsity of the alleged statement or alleged confession.

********

XX

PROSECUTORIAL MISCONDUCT:

THE PROSECUTOR USED HIS OFFICE AND THE PRESTIGE OF HIS OFFICE WHEN HE "VOUCHED" FOR THE TAPE RECORDING AS BEING THAT OF THE DEFENDANT'S VOICE IN HIS CLOSING ARGUMENTS TO THE JURY, WHICH IN THIS CASE WAS THE ONLY EVIDENCE "INTRODUCED" AGAINST THE DEFENDANT. THERE ARE SEVERAL OTHER INSTANCES OF MISCONDUCT, BUT THIS WAS THE"CLINCHER". (Prosecutor became an "unsworn"witness).

I, Eddie J. Lloyd, am an Innocent defendant in the above cause, and respectfully submit these 20 Issues for review by this Honorable Court.

WHEREFORE, Petitioner prays this Honorable court review the herein contained issues along with original issues submitted in Writ.

Respectfully submitted,

Eddie Lloyd: Eddie Lloyd

Dated: 6/29/88

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE J. LLOYD,

Plaintiff,

vs.

HENRY GRAYSON,

Defendant.

Civil Action No.
89-CV-70739-DT

Hon. Bernard A. Friedman

92 MAY 11 PM 4:55
U.S. DIST. COURT
EASTERN DISTRICT OF MICH.

## CERTIFICATE OF MAILING

I, the undersigned, hereby certify that I have on this date sent by first-class mail a copy of the foregoing Judgment to the following persons at the addresses indicated below:

Eddie J. Grayson, No. 123019
P. O. Box E
Jackson, Michigan 49204

Peter L. Trezise, Esq.
Assistant Attorney General
Habeas Corpus Section
P. O. Box 30212
Lansing, Michigan 48909

Madelyn Peruski
Madelyn Peruski
Secretary to Judge Friedman

Dated: May 11, 1992.
Detroit, Michigan

AO 450 (Rev. 5/85) Judgment in a Civil Case

# United States District Court

EASTERN DISTRICT OF MICHIGAN

EDDIE J. LLOYD,

Petitioner,

v.

HENRY GRAYSON,

Respondent.

## JUDGMENT IN A CIVIL CASE

CASE NUMBER: 89-CV-70739-DT

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.** This action came to ~~trial or~~ hearing before the Court. The issues have been ~~tried or~~ heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that judgment be, and hereby is, entered in favor of respondent, and against petitioner, the court having granted respondent's motion to dismiss in an order dated May 11, 1992.

92 MAY 11 PM 4:55
CLERK
U.S. DISTRICT COURT
EAST. DIST. MICH.
DETROIT

Approved: Bernard A. Friedman
U.S. District Judge

JOHN P. MAYER
Clerk

80

MAY 11 1992
Date

(By) Deputy Clerk

ENTERED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDDIE J. LLOYD,

Plaintiff,

vs.

HENRY GRAYSON,

Defendant.

Civil Action No. 89-CV-70739-DT

Hon. Bernard A. Friedman

92 MAY 11 PM 4:
U.S. DISTRICT COURT
EAST. DIST. MICH.
DETROIT

CERTIFICATE OF MAILING

I, the undersigned, hereby certify that I have on this date sent by first-class mail a copy of the foregoing Memorandum Opinion and Order Granting Respondent's Motion to Dismiss to the following persons at the addresses indicated below:

Eddie J. Grayson, No. 123019
P. O. Box E
Jackson, Michigan 49204

Peter L. Trezise, Esq.
Assistant Attorney General
Habeas Corpus Section
P. O. Box 30212
Lansing, Michigan 48909

Madelyn Peruski
Madelyn Peruski
Secretary to Judge Friedman

Dated: MAY 11 1992
Detroit, Michigan

interrogation," since he was not under arrest and the questioning was initiated not by the police officers, but by petitioner himself. Nor is there any evidence to suggest that petitioner's mental state precluded him from making a knowing and intelligent waiver of his Miranda rights once administered at the fourth interview. Dr. Han testified that petitioner understood what he was doing and the consequences of his actions.

Conclusion

For the reasons stated above, the court concludes that petitioner's first and second grounds for relief are meritless. The dismissal of the third ground for relief has been affirmed. Petitioner has failed to demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly,

IT IS ORDERED that the respondent's motion to dismiss the petition for a writ of habeas corpus is granted, and the petition is dismissed.

BERNARD A. FRIEDMAN
UNITED STATES DISTRICT JUDGE

Dated: MAY 11 1992
Detroit, Michigan

warnings aloud from a Detroit Police Department Constitutional Rights Certificate of Notification form given to him by DeGalan, and signed it (Tr. 25-26). Petitioner then gave a statement, in which he repeated the incriminating statements made during the previous two interviews (Tr. 26, 29). DeGalan testified that he did not make any promises or threats to obtain the statement, and that petitioner was "eager" to give the statement (Tr. 26-27).

Based on this record, the trial court determined that petitioner's confession was voluntary, and that he was not entitled to Miranda warnings because he was not in custody. The trial court further found that petitioner voluntarily waived his Miranda rights after officer DeGalan provided them at the fourth interview, and that petitioner voluntarily confessed again at that time (Tr. 40-42).

These findings and conclusions are amply supported by the testimony. Without doubt, the state carried its burden of proving voluntariness and waiver by a preponderance of the evidence; in fact, the record shows that there was no evidence whatsoever to suggest that petitioner's confession was involuntary, or that he did not waive his Miranda rights. The police interviewed petitioner at his invitation. Petitioner "insisted" on speaking to them. There is no evidence at all of any "coercive police activity," Connelly, 479 U.S. at 167, which must be present if a confession is to be invalidated as involuntary. The record also supports the trial judge's determination that petitioner was not subjected to "custodial



C
Michigan Compiled Laws Annotated Currentness
Chapter 600. Revised Judicature Act of 1961 (Refs & Annos)
Revised Judicature Act of 1961 (Refs & Annos)
Chapter 5. Circuit Courts: Organization and Powers
Court Officers

→600.593. Transfer of former state judicial council employees

Sec. 593. Effective October 1, 1996, each employee of the former state judicial council serving in the circuit court in the third judicial circuit shall become an employee of the Wayne county judicial council if that council is created pursuant to section 593a, [FN1] or, if that council is not created, shall become an employee of the county of Wayne.

CREDIT(S) P.A.1961, No. 236, § 593, added by P.A.1980, No. 438, § 1, Eff. Sept. 1, 1981. Amended by P.A.1996, No. 374, § 1, Eff. Oct. 1, 1996.

[FN1] M.C.L.A. § 600.593a.

HISTORICAL AND STATUTORY NOTES

2004 Electronic Update
1996 Legislation

The 1996 amendment rewrote this section, which prior thereto read:

"(1) Effective September 1, 1981, each employee of the circuit court in the third judicial circuit shall become an employee of the state judicial council serving in the circuit court in the third judicial circuit. The employees of the circuit court in the third judicial circuit shall include the employees of the friend of the court, the court administrator of the circuit court in the third judicial circuit appointed before September 1, 1981, under section 567, and the judicial assistant for the circuit court in the third judicial circuit appointed before September 1, 1981, under section 1481. However, for purposes of this transfer, the employees of the circuit court in the third judicial circuit do not include the employees of the county of Wayne who are under the supervision and control of the county clerk and who provide court clerk services. An employee who becomes an employee of the state judicial council pursuant to the operation of this section shall serve in the position held by the employee as an employee of the circuit court in the third judicial circuit. Each employee who becomes an employee of the state judicial council serving in the circuit court in the third judicial circuit shall not receive a salary or hourly wage less than the employee was being paid as an employee of the circuit court in the third judicial circuit immediately before September 1, 1981. The salary or hourly wage and the position to which an employee is entitled under this subsection may be altered by a future collective bargaining agreement.

"(2) Annual leave which an employee of the circuit court in the third judicial circuit has accumulated as an employee of that court, but not in excess of 160 hours, shall be transferred with the employee as a result of the employee becoming an employee of the state judicial council. Not later than November 1, 1981, the county of Wayne shall adopt an ordinance to provide an employee transferred under subsection (1) with an option to receive a cash payment for the value of the employee's accumulated annual leave in excess of 160 hours to be paid over a

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

period of time not to exceed 2 years, or a payment of that amount in the form of deferred compensation. The ordinance shall provide that an employee has 90 days after the adoption of the ordinance in which to exercise his or her option.

"(3) Seniority rights, sick leave, longevity, and any other employee benefits which an employee of the circuit court in the third judicial circuit has accumulated as an employee of that circuit shall not be abrogated, diminished, or impaired as a result of the employee becoming an employee of the state judicial council. The rights and benefits protected by this subsection may be altered by a future collective bargaining agreement.

"(4) An employee of the circuit court in the third judicial circuit who becomes an employee of the state judicial council serving in the circuit court in the third judicial circuit shall be entitled to receive insurance benefits not less than those insurance benefits received as an employee of the circuit court in the third judicial circuit. The insurance benefits to which an employee is entitled under this subsection may be altered under a future collective bargaining agreement.

"(5) All employees of the state judicial council serving in the circuit court in the third judicial circuit shall be entitled to the rights and privileges provided by Act No. 336 of the Public Acts of 1947, as amended, being sections 423.201 to 423.216 of the Michigan Compiled Laws. However, any increase in rates of compensation in a collective bargaining agreement or contract entered into pursuant to section 9104(1)(b) or imposed by operation of law which governs the employees of the state judicial council pursuant to Act No. 336 of the Public Acts of 1947, as amended, is subject to rejection by either house of the legislature pursuant to section 9107.

"(6) Pursuant to section 9105, the state judicial council shall enter into memoranda of agreement as provided in that section.

"(7) A representative, as defined in section 11 of Act No. 336 of the Public Acts of 1947, being section 423.211 of the Michigan Compiled Laws, of the employees or any group of employees of the circuit court in the third judicial circuit who represents the employees or group of employees on August 31, 1981, shall continue to be the representative of the employees or group of employees after the employees become employees of the state judicial council serving in the third judicial circuit. This subsection shall not be construed to limit the right of the employees, pursuant to section 12 of Act No. 336 of the Public Acts of 1947, as amended, being section 423.212 of the Michigan Compiled Laws, to assert that a bargaining representative protected by this subsection is no longer their representative.

"(8) Subsections (3) and (4) and section 9105 shall apply only until the first collective bargaining agreement between the state judicial council and the employees of the council serving in the circuit court in the third judicial circuit is entered into pursuant to chapter 91 and becomes effective. However, an increase in rates of compensation in the collective bargaining agreement is subject to rejection by either house of the legislature pursuant to section 9107. Subsections (3) and (4) and section 9105 shall not be construed to provide either protection for, or limitations on, rights, benefits, or conditions contained in collective bargaining agreements which become effective after August 31, 1981.

"(9) If this section, section 563, 564, 592, 9101, 9102, 9104, 9105, 9106, or 9107, a portion of this section or section 563, 564, 592, 9101, 9102, 9104, 9105, 9106, or 9107, or is determined by a court of this **state** in a final, nonreviewable judgment to be unconstitutional or unenforceable, the employees of the **state** judicial council serving in the third judicial circuit shall become employees of the circuit court in the third judicial circuit governed pursuant to section 591.

"(10) If the executive chief **judge** of the circuit court in the third judicial circuit and the recorder's court of the city of Detroit, the chief **judge** of the circuit court in the third judicial circuit, the chief **judge** of the recorder's court, the supreme court, or a person designated by or acting on the behalf of the supreme court brings an action

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

challenging the validity, constitutionality, or enforceability of this section or a portion of this section, or section 564, 9101, 9102, 9104, 9105, 9106, or 9107 insofar as those sections or a portion of those sections limits the authority of the executive chief **judge**, either chief **judge**, the supreme court, or the judicial branch of **state** government with respect to the employees of the **state** judicial council serving in the circuit court in the third judicial circuit, those employees shall become employees of the circuit court in the third judicial circuit governed by section 591."

For effective date provisions of P.A.1996, No. 374, see the Historical and Statutory Notes following § 600.151a.

1996 Main Volume

For effective date and contingent effect provisions of P.A.1980, No. 438, see the Historical and Statutory Notes following § 600.103.

CROSS REFERENCES

State court fund, distribution of proceeds, see § 600.151a.

Trial court operational expenses, appropriation of funds, see § 600.9947.

LIBRARY REFERENCES

1996 Main Volume

Courts ⚷55.
Westlaw Topic No. 106.
C.J.S. Courts §§ 107 to 109.

RESEARCH REFERENCES

2004 Electronic Update
**Treatises and Practice Aids**

6 Michigan Court Rules Practice Text R 8.110, Rule 8.110 Chief **Judge** Rule.

M. C. L. A. **600.593**, MI ST **600.593**

Current through P.A.2004, No. 1-376

Copr. © 2004 West, a Thomson business

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.



BENJAMIN N. CARDOZO SCHOOL OF LAW
CRIMINAL LAW AND APPEALS CLINICS
55 FIFTH AVENUE ROOM 1701
NEW YORK, NEW YORK 10003

BARRY C. SCHECK
*Professor of Law*
*Director of Clinical Education*

ELLEN YAROSHEFSKY
*Associate Clinical Professor of Law*

MIRA GUR-ARIE
*Assistant Clinical Professor of Law*

JONATHAN OBERMAN
*Visiting Associate Clinical Professor of Law*

STANLEY NEUSTADTER
*Adjunct Clinical Professor of Law*

TEL. NO. (212) 790-0368
FAX NO. (212) 790-0256

April 19, 1995

Mr. Eddie J. Lloyd
#123019
Standish Correctional Facility
4713 W. M-16
Standish, Mich 48658

Dear Mr. Lloyd:

The Innocence Project at the Cardozo School of Law assists convicted inmates with challenging their convictions on the basis of DNA evidence. Most of our cases involve instances where biological specimens (like blood, semen, or hair) are available after the conviction and could be subjected to DNA testing and used to exonerate the convicted prisoner.

Based upon the information you provided in your initial letter, it does not appear that there are any biological specimens in your case which can be subjected to DNA testing. Accordingly, the Innocence Project cannot assist you with your post-conviction process. If you have additional information regarding your case which you believe suggests the existence of relevant biological specimens, please contact us again. Best of luck in your continuing endeavors to challenge your conviction.

Sincerely,

Barry C. Scheck

Barry C. Scheck
Professor of Law

BCS:lr

Rec'd
4/25/95

EXHIBIT B

BENJAMIN N. CARDOZO SCHOOL OF LAW
CRIMINAL LAW AND APPEALS CLINICS
55 FIFTH AVENUE ROOM 1701
NEW YORK, NEW YORK 10003

BARRY C. SCHECK
*Professor of Law*
*Director of Clinical Education*

TEL. NO. (212) 790-0368
FAX NO. (212) 790-0256

ELLEN YAROSHEFSKY
*Associate Clinical Professor of Law*

MIRA GUR-ARIE
*Assistant Clinical Professor of Law*

JONATHAN OBERMAN
*Visiting Associate Clinical Professor of Law*

STANLEY NEUSTADTER
*Adjunct Clinical Professor of Law*

July 18, 1995

Mr. Eddie J. Lloyd
#123019
Standish Correctional Facility
4713 W. M-61
Standish, Michigan 48658

Dear Mr. Lloyd:

Thank you for your letter dated May 8, 1995. Our organization is involved in pro bono assistance of prisoners who can be exonerated through the use of forensic DNA testing. In order to decide if DNA testing can assist in your case we need to establish two points as quickly as possible. First we need to know if evidence that can be tested still exists. Secondly, we must figure out if DNA results would actually provide proof that you are innocent.

If a DNA test can be performed, we are certainly willing to appear as your counsel for these purposes. If the DNA test provides evidence that can lead to your exoneration, we will do everything we can to achieve your immediate release. We need certain information as soon as possible. Enclosed is a form we would like you to fill out and return to us. This form is the final stage in our evaluation process. Once you have returned the form to us, we should be able to tell you whether we can accept your case.

I look forward to hearing from you very soon. Also, be advised that due to the overwhelming number of requests for assistance, it will take our office time to review all materials and conduct initial research. If you do not hear from our office in several weeks, do not get alarmed, we will contact you as soon as possible. Please be patient.

EXHIBIT D

Thank you for your cooperation.

Sincerely,

Barry C. Scheck
Professor of Law

BCS\:lr

EXHIBIT D

BENJAMIN N. CARDOZO SCHOOL OF LAW
THE INNOCENCE PROJECT
55 FIFTH AVENUE ROOM 1701
NEW YORK, NEW YORK 10003
TEL. NO. (212) 790-0368
FAX NO. (212) 790-0256

BARRY C. SCHECK
PETER J. NEUFELD
*Directors*

ELLEN YAROSHEFSKY
JONATHAN OBERMAN
LOUISE HOCHBERG
*Executive Directors*

JILL SMITH
*Administrator*

JONAS KANT
*Assistant Director*

November 22, 1995

Marquette Branch Prison
PO BOX 779
Marquette, MI 49855

Dear Mr. Lloyd:

I am in receipt of your trial transcipts and sentencing, dated November 8, 1995. I have been reading the transcipts and attempting to get in contact with your appellate and trial attorneys. Mr. Wabash, who you indicated was your appellate attorney, claims he has never heard of you. Your trial attorney, Mr. Rubach, has been difficult to get in touch with and I am still trying to reach him at his office.

You informed us early on that your case had been remanded. It is important for me to get a copy of the court's decision to remand your case. If you could also send me information regarding the attorney who will be handling your remand. Also, if you have any new information regarding your attorneys, please send that information along as well.

At present, I am still formulating a strategy to find out where the evidence in your case is being held. I will keep you informed as to my progress.

Sincerely,

Paul B. Keller
Law Student

EXHIBIT- F



BENJAMIN N. CARDOZO SCHOOL OF LAW
THE INNOCENCE PROJECT
55 FIFTH AVENUE ROOM 1701
NEW YORK, NEW YORK 10003
TEL. NO. (212) 790-0368
FAX NO. (212) 790-0256

BARRY C. SCHECK
PETER J. NEUFELD
*Directors*

ELLEN YAROSHEFSKY
JONATHAN OBERMAN
LOUISE HOCHBERG
*Executive Directors*

JILL SMITH
*Administrator*

JONAS KANT
*Assistant Director*

February 10, 1996

Eddie J. Lloyd #23019
Marquette Branch Prison
PO Box 779
Marquette, MI 49855

Dear Mr. Lloyd,

I am an extern for the Innocence Project and will be working on your case now that Mr. Keller has graduated. I am in the process of reviewing your files and familiarizing myself with your case.

Should you need to speak to me, please call me at (212) 790-0371. Collect calls will be accepted if you call between 3-6 on Monday or Wednesday. As I am in the process of relocating to my supervising attorney's office this may change. If so, I will notify you as promptly as possible to ensure open lines of communication. Please be advised that the receptionist is directed not to accept any collect calls if I am not in the office at the time of your call.

I will keep you informed of any progress in your case.

Sincerely,

Frank M. Esposito
Legal Extern

EXHIBIT-G





Townsend

22 July 1987

Mr. Eddie J. Lloyd
#123019
P.O. Box E-Northside Complex
Jackson, Michigan 49204

Appellate Clerk
Room 909
Recorder's Court for the City of Detroit
1441 St. Antoine Street
Detroit, Michigan 48226

RE: REQUEST FOR TRANSCRIPTS; PEO. V. EDDIE JOE LLOYD, RECORDER'S No. 85-00376

Dear Sir or Madam:

My name is Eddie Lloyd, and I am the defendant in the above cause. On 7/21/87, I received notification and co py of opinion from appellate counsel Robert E. Slameka acknowledging, that my case has been affirmed by the Michigan Court of Appeals. I was informed that I could obtain my transcripts in the case by writing the Appellate Clerk's Office.

I am writing this letter to request a copy of all my transcripts in the aforementioned cause so that I may pursue further post-conviction proceedings and relief in the Courts. I am specifically requesting the following:

(1). Copy of arraignment transcript

(2).,Copy of Preliminary Examination transcripts.

(3). Copy of Walker Hearing Transcripts.

(4). Copy of Trial transcripts,(4/30/84, 5/1/84 & 5/2/84).

(5). Copy of Sentencing transcripts.

(6). All other transcripts maintained by you office in this matter.

Thanking you for your cooperation in this matter, I remain

Very truly yours,

Eddie J. Lloyd

Eddie J. Lloyd

EJL: cc
file

Ordered file 7-28-87

RECEIVED
JUL 27 1987
THE RECORDER'S COURT
APPELLATE DIVISION
BY

6 February 1989

Mr. Eddie J. Lloyd
#123019
Charles Egeler Facility
P.O. Box 8000
Jackson, Michigan 49209

Ms. Carol D. Tolbert
Deputy Clerk
Recorder's Court
1441 St. Antoine St.
Detroit, Michigan 48226

RE: PEOPLE v EDDIE JOE LLOYD
RECORDER'S NO. 85-00376 /

Dear Deputy Clerk Tolbert:

I am writing this letter to acknowledge that on 2/3/89, I received from the U.S. District Court a Memorandum Opinion and Order, (Civil Action No. 88CV-73351-DT), Hon. Julian Cook, Jr, Dismissing my Petition for Writ of Habeas Corpus. In my writ, I raised four claims. The court ruled that I had submitted a "mixed" petition, and under federal law, exhausted and non-exhausted claims may not be maintained in a petition. If a petition contains exhausted and non-exhausted claims, the district court must dismiss the entire petition. Rose v Lundy, 455 U.S. 509 (1982).

In dismissing my petition, the court has left me with several options, (1) returning to state court to exhaust my claims, or (2) amending or resubmitting my habeas petition to present only exhausted claims to the district court, (3) also, in Michigan since a delayed motion for a new trial may be filed at any time and the Michigan Court of Appeals will consider delayed applications for leave to appeal in criminal cases no matter how long after the date of conviction or whether or not there was a previous appeal by right. The other option is "I could just drop this entire matter", which is not a real option, nor am I going to do that. I am not going to do that because I expect to be cleared in this matter sometime during the year 1989. As of this date, I have not decided what option I intend to go with because I want to give careful weight and consideration to each.

I admit that things have gotten very complicated and complex for Eddie J. Lloyd concerning the law and this case. I'm not ashamed to seek the proper assistance. I need an attorney to assist me in/with my legal problems. I ask that this letter be directed to Hon. Judge Leonard Townsend, and request the following:

I, Eddie Lloyd, hereby request the appointment of attorney/or counsel by the court so that we may move one step closer to resolving the subject matter; in the above criminal cause-that being: "Who killed Michelle Kimberly Jackson"? (I didn't). In my Innocence, I am and therefore remain.

Very truly yours,

[signature]
Eddie J. Lloyd

EJL: cc
@ file

May 6, 1988

Mr. Eddie J. Lloyd
#123019
Charles Egeler Facility
P.O. Box 8000
Jackson, MI 49204

Ms. Louise Piscopink
Deputy Clerk for Hon. Leonard Townsend
Recorder's Court City of Detroit-#702
1441 St. Antoine St.
Detroit, MI 48226-2384

RE: People v Eddie Joe Lloyd
Recorder's Court No. 85-00376
REQUEST THAT ATTACHED DOCUMENTS BE MADE A PERMANENT PART OF TRIAL COURT RECORD.

Dear Ms. Piscopink:

I am writing this letter to request that this letter and attached documents,(Freedom of Information Request, Affidavit & Copy of Death Certificate) regarding the aforementioned cause, be made a permanent part of the Trial court record in this cause.

Also, if you can, please appraise me as to whether your office has received any information on Motion For Appointment of Attorney and Motion For (to Remand) For A Brady Hearing which I filed with the court on 4/19/88 and 4/27/88 respectively.

Thanking you for all considerations in these matters, I remain

Very truly yours,

E. J. Lloyd

Eddie J. Lloyd

EJL/ cc:
file

attachments

LF

CF 862

0571741

STATE OF MICHIGAN
DEPARTMENT OF PUBLIC HEALTH

STATE FILE NUMBER

# CERTIFICATE OF DEATH

DECEDENT NAME FIRST MIDDLE LAST: 1 MICHELLE K. JACKSON (HUGHEY)
SEX: 2 FEMALE
DATE OF DEATH (Mo., Day, Yr.): 3 JANUARY 25, 1984

RACE: 4 BLACK
AGE - Last Birthday (Yrs.): 5a. 16
UNDER 1 YEAR MOS DAYS: 5b.
UNDER 1 DAY HOURS MINS: 5c.
DATE OF BIRTH (Mo., Day, Yr.): 6. 5-2-1967
COUNTY OF DEATH: 7a WAYNE

LOCATION OF DEATH (Check one and specify): [X] INSIDE CITY LIMITS OF DETROIT; [ ] INSIDE VILLAGE LIMITS OF; [ ] TWP OF — 7b
HOSPITAL OR OTHER INSTITUTION: 7c R/O 3135 FENKELL

STATE OF BIRTH: 8 MICHIGAN
CITIZEN OF WHAT COUNTRY: 9 USA
MARRIED, NEVER MARRIED, WIDOWED, DIVORCED (Specify): NEVER MARRIED
SURVIVING SPOUSE (If wife, give maiden name): 11
WAS DECEDENT EVER IN U.S. ARMED FORCES? (Specify Yes or No): 12 NO

SOCIAL SECURITY NUMBER: 13. UNKNOWN
USUAL OCCUPATION (Give kind of work done during most of working life, even if retired): 14a. STUDENT
KIND OF BUSINESS OR INDUSTRY: 14b. PUBLIC SCHOOL

CURRENT RESIDENCE - STATE: 15a. MICHIGAN
COUNTY: 15b. WAYNE
LOCALITY (Check one and specify): [X] INSIDE CITY LIMITS OF DETROIT; [ ] INSIDE VILLAGE LIMITS OF; [ ] TWP OF — 15c.
STREET AND NUMBER: 15d. 4203 CORTLAND APT.103

FATHER-NAME FIRST MIDDLE LAST: 16. ALEX A. JACKSON
MOTHER-MAIDEN NAME FIRST MIDDLE LAST: 17. CARLOTTA HUGHEY

INFORMANT: 18a (Signature) ▶ CARLOTTA JACKSON
MAILING ADDRESS STREET OR R.F.D. NO. CITY OR TOWN STATE ZIP: 18b 4203 CORTLAND DETROIT MICHIGAN 48204

19. PART I IMMEDIATE CAUSE (ENTER ONLY ONE CAUSE PER LINE FOR (a), (b), AND (c).)
(a) STRANGULATION — Interval between onset and death: UNKNOWN
DUE TO, OR AS A CONSEQUENCE OF:
(b) — Interval between onset and death:
DUE TO, OR AS A CONSEQUENCE OF:
(c) — Interval between onset and death:

PART II OTHER SIGNIFICANT CONDITIONS - Conditions contributing to death but not related to cause given in PART I
AUTOPSY (Specify Yes or No): 20 YES
WAS CASE REFERRED TO MEDICAL EXAMINER? (Specify Yes or No): 21 YES

PLACE OF DEATH (Home, Nursing Home, Hospital, Ambulance) (Specify): 22a. IN VACANT GARAGE
IF HOSP. OR INST. indicate DOA, OP/Emer. Rm., Inpatient (Specify): 22b

CERTIFYING PHYSICIAN
23a To the best of my knowledge, death occurred at the time, date and place and due to the cause(s) stated.
(Signature and Title) ▶
DATE SIGNED (Mo., Day, Yr.): 23b.
HOUR OF DEATH: 23c. M
NAME OF ATTENDING PHYSICIAN IF OTHER THAN CERTIFIER (Type or Print): 23d

MEDICAL EXAMINER
24a. (Check one line) [ ] This case reviewed and determined not to be a medical examiner's case. M.E. #671-84
[X] On the basis of examination and/or investigation, in my opinion death occurred at the time, date and place and due to the cause(s) stated.
(Signature and Title) ▶ [signature]
DATE SIGNED (Mo., Day, Yr.): 24b. JANUARY 25, 1984
HOUR OF DEATH: 24c. UNKNOWN M
PRONOUNCED DEAD (Mo., Day, Yr.): 24d ON JANUARY 25, 1984
PRONOUNCED DEAD (Hour): 24e AT 10:45 a. M

NAME AND ADDRESS OF CERTIFIER (PHYSICIAN OR MEDICAL EXAMINER) (Type or Print): 25 GEORG RUSSANOW, M.D., ASST. MED. EXAM., 400 EAST LAFAYETTE, DETROIT, MI 48226

ACC., SUICIDE, HOM., NATURAL OR PENDING INVEST. (Specify): 26a HOMICIDE
DATE OF INJURY (Mo., Day, Yr.): 26b. FOUND JANUARY 25, 1984
HOUR OF INJURY: 26c. UNKNOWN
DESCRIBE HOW INJURY OCCURRED: 26d. FOUND STRANGLED

INJURY AT WORK (Specify Yes or No): 26e. NO
PLACE OF INJURY - At home, farm, street, factory, office building, etc. (Specify): 26f. IN VACANT GARAGE
LOCATION STREET OR R.F.D. NO. CITY, VILLAGE, OR TOWNSHIP STATE: 26g R/O 3135 FENKELL, DETROIT, MI

BURIAL, CREMATION, REMOVAL, OTHER (Specify): 27a BURIAL
CEMETERY OR CREMATORY - NAME: 27b. UNITED MEMORIAL GARDENS
LOCATION CITY, VILLAGE OR TOWNSHIP STATE: 27c. SUPERIOR TWP. MICHIGAN

DATE (Mo., Day, Yr.): 27d JAN.30,1984
NAME OF FACILITY: 28a JETER MEMORIAL FUNERAL HOME
ADDRESS OF FACILITY: 28b 8436 W. CHICAGO DET.MI.48204

FUNERAL SERVICE LICENSEE (Signature): 28c ▶ [signature]
REGISTRAR (Signature): 29a. ▶ [signature]
DATE RECEIVED BY REGISTRAR (Mo., Day, Yr.): 29b JAN 27 1984

ISSUED TO:

THIS RECORD PROVIDED FREE OF CHARGE FOR OFFICAL USE ONLY

THIS CERTIFIES THAT THE ABOVE IS A TRUE COPY OF FACTS RECORDED ON THE RECORD OF THE PERSON NAMED HERON, AS FILED AT THE DETROIT DEPARTMENT OF HEALTH.

COLEMAN A. YOUNG, MAYOR
CITY OF DETROIT

APR 28 1988
DATED

[signature]
GLORIA J. HARPER
REGISTRAR, VITAL RECORDS
DETROIT DEPARTMENT OF HEALTH

April 21, 1988

FREEDOM OF INFORMATION REQUEST

TO: FOIA Coordinator,
Clerk
Birth & Death Records-For Detroit
1151 Taylor
Detroit, MI 48202

FROM: Mr. Eddie J. Lloyd-123019
Charles Egeler Facility
P.O. Box 8000
Jackson, MI 49204

SUBJECT: MICHIGAN FREEDOM OF INFORMATION REQUEST, MCLA 15.231, et seq; MSA 4.1801(1), Public Acts No. 442, 1976, Effective: April 13, 1977.

RE: REQUEST FOR COPY OF DEATH CERTIFICATE, YOUR FILE #671-84 MICHELLE KIMBERLY JACKSON

Dear Sirs or Madam:

My name is Eddie Lloyd, and I am a defendant presently serving a prison term regarding the above criminal cause, (People v Eddie Joe Lloyd, Recorder's Court No. 85-00376). On April 8, 1988, I filed a Freedom of Information Request with the Wayne County Medical Examiner's Office for a copy of the above document. On April 20, 1988, I received a reply from the Medical Examiner's Office that "We do not issue death certificates, these are obtained from the city clerk, or county clerk (in the case of a township) where the death occured."There fore, I am filing this request with your office:

**** REQUEST****

PURSUANT to the provisions of the aforementioned Act, I, Eddie Lloyd, hereby file formal written request for a copy of the below listed documents--PUBLIC RECORDS, maintained by attendant PUBLIC BODY: CLERK, BIRTH & DEATH RECORDS-FOR DETROIT, Specifically the following:

(A). A FULL AND COMPLETE COPY OF THE DEATH CERTIFICATE OF MICHELLE KIMBERLY JACKSON, (Note: this document on its "face" has the potential for clearing this Innocent Defendant in this criminal cause...Emphasis added) PURSUANT TO AND UNDER PROVISIONS OF AFOREMENTIONED ACT, I respectfully submit this request. I remain. Thank you.

Ed J. Lloyd 4/22/88
Requestor Date

Subscribed to and sworn to before me this 22 day of April, 1988.

James A. Luckey 4/22/88
NOTARY PUBLIC Date

JAMES A. LUCKEY
NOTARY PUBLIC, Washtenaw County, MI
Acting in Jackson County
My Commission Expires June 2, 1990

EJL: cc
file

STATE OF MICHIGAN )
) SS:
COUNTY OF JACKSON )

AFFIDAVIT OF INDIGENCY

EDDIE JOE LLOYD, being first duly sworn, deposes and says:

I am a prisoner incarcerated at the Charles Egeler Facility under the jurisdiction of the Michigan Department of Corrections, and have been since May 22, 1985.

That I have no prison wages, no monies, property, stocks, bonds or other securities or other assets.

That I am a poor, indigent prisoner within the meaning of saidd rules

EDDIE JOE LLOYD, being first duly sworn, deposes and says that he has read the foregoing and that it is true to the best of his information, knowledge and beliefs.

Subscribed and sworn to before me

this 22 day of April, 1988.

NOTARY PUBLIC 4/22/88 Date

Eddie Lloyd
Charles Egeler Facility
P.O. Box 8000
Jackson, MI 49204

... June 2, 1990



18th November, 1990

Mr. George L. Gist,
Administrator
Frank Murphy Hall of Justice.
Recorder's Court - City of Detroit
1441 St. Antoine St.
Detroit, MI 48226

RE: People v Eddie Joe Lloyd
Recorder's Court No. 85-00376
File No. 2823/90 - Timothy M. Kenny

Dear Administrator Gist:

Enclosed and attached please find copy of the Attorney Grievance Commission's findings per my request for Investigation of the above named Attorney, Mr. Timothy M. Kenny (20039).

I request that these pleadings be made a permanent part of the files in the above entitled cause.

Thank you.

Very truly yours,
E. J. Lloyd #123019
P.O. Box E SMM
Jackson, Michigan 49204

EJL: cc
@File@

cc: C. Davis, clerk
Mich Supreme Court
E. Williams, Clerk
Mich. Crt of Appeals

MEMBERS
ROBERT J. ELEVELD
GRAND RAPIDS, CHAIRMAN
RICHARD D. REED
KALAMAZOO, SECRETARY
EUGENE D. MOSSNER
SAGINAW
ROSALIND E. GRIFFIN, M.D.
SOUTHFIELD
ELAINE FROST
DETROIT
LEON HERSCHFUS, D.D.S.
DETROIT
SAUL A. GREEN
DETROIT
ROBERT VAN CAMP
STERLING HEIGHTS
THOMAS C. MAYER
DETROIT

State of Michigan
Attorney Grievance Commission

SUITE 256, MARQUETTE BUILDING
243 WEST CONGRESS
DETROIT, MICHIGAN 48226
Area Code 313 961-6585

FRANK J. GRECO
ACTING GRIEVANCE ADMINISTRATOR
PHILIP J. THOMAS
DEPUTY ADMINISTRATOR
CYNTHIA C. CHARLES
ASSOCIATE COUNSEL
CHARLES K. HIGLE
ASSOCIATE COUNSEL
RHONDA SPENCER POZEHL
ASSOCIATE COUNSEL
MURRAY J. MUSCAT
ASSOCIATE COUNSEL
JOAN P. VESTRAND
ASSOCIATE COUNSEL
MARTHA D. MOORE
ASSOCIATE COUNSEL
JANE SHALLAL
ASSOCIATE COUNSEL

November 1, 1990

**PERSONAL AND CONFIDENTIAL**

Eddie J. Lloyd#123019
P.O. Box E
Jackson, MI 49204

Re: Eddie J. Lloyd as to Timothy M. Kenny, an attorney
File No. 2823/90

Dear Mr. LLoyd:

This office has received your Request for Investigation dated October 10, 1990. However, the allegations of your Request are insufficient to warrant further proceedings by the Commission. Accordingly, this file is closed.

The reason the Commission is not taking further action is the information you have provided would not establish grounds for discipline under the rules administered by the Commission.

If my staff or I can be of further assistance to you, please do not hesitate to contact us again.

Very truly yours,

Frank J. Greco
Acting Grievance Administrator

FJG/bm
cc: Mr. Kenny

STATE OF MICHIGAN)
)SS:
COUNTY OF MARQUETTE)

PROOF OF SERVICE

Eddie Joe Lloyd, being first duly sworn, deposes and says that on this 26th day of November, 1990 on behalf of myself, I served a true, complete and correct copy of Attorney Grievance Commission's letter of 11/1/90 and Proof of Service in each entitled matter upon:

Mr. Corbin R. Davis, Clerk - Supreme Court, 525 W. Ottawa St, P.O. Box 30052, Lansing, MI 48909

Mr. George L. Gist, Administrator, Recorder's Court, 1441 St. Antoine St., Detroit, MI 48226

Ms Ella Williams, Clerk-Crt of Appeals, 900 Fed. Bldg, U.S. Courthouse, Detroit, MI 48226

By enclosing same in envelopes with names of those served written clearly thereon and Hand-delivering to: for delivery to MAIL Room - Marquette Branch Prison, P.O. Box 779, Marquette MI 49855 for Mailing @

SUBSCRIBED AND SWORN TO BEFORE
ME THIS 26 DAY OF NOVEMBER, 1990

[signature]
Notary Public
DOUGLAS C. HALL
Notary Public, Marquette County, Michigan
My Commission Expires March 24, 1992

[signature]
Eddie J. Lloyd #123019
P.O. Box 779
Marquette MI 49855



May 1, 1995

Mr. Barry C. Scheck,
Professor of Law
Benjamin N. Cardoza School of Law
Criminal Law and Appeals Clinic
55 Fifth Avenue,Room 1701
New York, New York 10003

**RE: PEOPLE V. EDDIE JOE LLOYD: RECORDER'S COURT NO. 85-00376.**

Dear Professor Scheck:

Thank you for your letter of 4/19/95 in reply to my letter to you of 3/8/95.

Based on what I have read and seen, I have concluded that your organization is a reputable organization dedicated to the assisting of "innocent prisoners",across the nation in clearing them through DNA technology and testing,and were I anything other than "absolutely innocent", I would not have contacted your office.

As to the matter of whether I have additional information regarding my case,which I believe suggests the possibility or the existence of "relevant biological specimens", the answer is "yes." I am in possession of a search warrant(#01341),issued on 12/11/84,in which blood,saliva, head hair and pubic hairs was taken from me for analysis and comparision to those taken from the deceased. According to the search warrant, "vaginal and rectal swabs" were taken from the deceased,the analysis on both was positive for seminal fluid-type O. Additionally, at trial there was testimony from Police technician that the deceased hands were "bagged" and possibly contained "hair" and/or "finger-nail scrapings." No testimony at my three day trial was imparted as to the results of any of the tests conducted on any of the above mentioned "biological specimens", by any lab,Serology,or other forensic personnel whatsoever.

I do not know whether any of the above "specimens" are available today for testing,however, as the innocent man in this case, I would certainally hope that they were properly preserved because, I(knmo) know NONE of them belongs to Mr. Eddie Joe Lloyd,and in fact, am relying on them to clear me conclusively-and they will!.

**(I AM ATTACHING COPIES OF LAB TECHNICIAN REPORTS#2,3,4,5,6).**

In exercising the proper prudence, I need not discuss any details of the case, my proclamation of "INNOCENCE" should serve as suffcient notice. I will state that I am pro per,(without counsel), and presently in the Mich. Court of Appeals. Mr. Scheck, whaT I would ask of you is this: If you are sincere about assisting me in this matter,would you please contact the trial judge in my case as follows: **HON. LEONARD TOWNSEND,RECORDER'S COURT, 1414 ST. ANTOINE ST., DETROIT, MI-48226: PHONE: 1-(313)-224-2500.**

In closing, I extend my deepest gratitude for any assistance your office may be able to offer me in this matter.

Thank you,very much.

Sincerely yours,

E. Lloyd

EJL:cc:file cc: Hon. Leonard Townsend ✓



Westlaw.

947 F.2d 945 (Table)
947 F.2d 945 (Table), 1991 WL 225557 (6th Cir.(Mich.))
**Unpublished Disposition**
**(Cite as: 947 F.2d 945, 1991 WL 225557 (6th Cir.(Mich.)))**

Page 1

**H**
NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA6 Rule 28 and FI CTA6 IOP 206 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Sixth Circuit.

**Eddie** J. **LLOYD**, Petitioner-Appellant,
v.
Henry GRAYSON, Respondent-Appellee.

**No. 91-1739.**

Nov. 4, 1991.

E.D.Mich., No. 89-70739; Friedman, D.J.

E.D.Mich.

AFFIRMED IN PART, VACATED IN PART AND REMANDED.

Before ALAN E. NORRIS and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.

*ORDER*

**1 **Eddie** J. **Lloyd**, a pro se Michigan prisoner, appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).

In 1985, a jury convicted Lloyd of first degree murder. The trial court sentenced him to mandatory life imprisonment on May 21, 1985. The Michigan Court of Appeals affirmed his conviction on July 16, 1987 after rejecting two grounds for relief: (1) the trial court erred in admitting **Lloyd's** confession into evidence, and (2) the trial court abused its discretion by refusing to suppress evidence of two prior convictions. The Michigan Supreme Court denied **Lloyd's** request for review under MCR 7.303 and his delayed application for appeal, which raised the same two issues plus twenty-one others. **Lloyd** then filed a federal habeas petition which was dismissed on January 31, 1989.

In his present habeas petition, **Lloyd** raised three grounds for relief: (1) the trial court erred in admitting his confession into evidence, (2) the trial court abused its discretion and its ruling was clearly erroneous when it found that his incriminating statement was voluntary, and (3) the trial court abused its discretion by refusing to suppress evidence of his prior convictions for armed robbery and larceny in a building.

A magistrate judge issued a report on April 29, 1991, which recommended that Lloyd's petition be denied. The magistrate judge found that the court's ruling on the first ground of his prior habeas petition, which was almost identical to the second ground of his present petition and is "intertwined" with the first ground of his present petition, was controlling and required denial of those two grounds. The magistrate judge then found that Lloyd's third ground for relief was presented to the state courts as a matter of state law only and, in any event, did not constitute a violation of federal constitutional rights. Finally, the magistrate judge found that Lloyd's present petition constituted an abuse of the writ because he presented, or could have presented, his claims in his first habeas petition.

Lloyd filed objections to the magistrate judge's report in which he asserted, *inter alia,* that his first habeas petition was dismissed for lack of

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

http://print.westlaw.com/delivery.html?dest=atp&dataid=B00558000001912000463728... 10/26/2004

947 F.2d 945 (Table)
947 F.2d 945 (Table), 1991 WL 225557 (6th Cir.(Mich.))
**Unpublished Disposition**
**(Cite as: 947 F.2d 945, 1991 WL 225557 (6th Cir.(Mich.)))**

Page 2

exhaustion rather than on the merits, and so could not control the disposition of his present "amended" petition. The district court, after reviewing the record and **Lloyd's** objections, adopted the magistrate judge's report as the opinion of the court and dismissed **Lloyd's** petition.

On appeal, **Lloyd** argues that the district court erred in not considering the merits of his grounds for relief, in not resolving a factual dispute raised in supplemental pleadings, and in not giving his "colorable claims of innocence" the consideration due them. He has filed a motion for the appointment of counsel.

**2 Upon review, we affirm the district court's judgment in part and vacate in part because Lloyd's first habeas petition was dismissed as a mixed petition, and not on the merits. Therefore, it cannot be used either to deny Lloyd's first two grounds for relief or to support a dismissal for abuse of the writ.

Contrary to the magistrate judge's belief, Lloyd's first habeas petition was dismissed, not on the merits, but because it was mixed with exhausted and unexhausted claims. Controlling weight may only be given to the denial of a prior habeas petition if, among other factors, the prior determination was on the merits. *Lonberger v. Marshall,* 808 F.2d 1169, 1173 (6th Cir.), *cert. denied,* 481 U.S. 1055 (1987) ( *citing Sanders v. United States,* 373 U.S. 1, 15 (1963)). Because the denial of Lloyd's prior habeas petition was not on the merits, this case must be remanded for the district court to consider the merits of his first two grounds for relief.

The alternate basis relied upon for denial of all three of Lloyd's claims, abuse of the writ, fails for two reasons. First, the government did not plead abuse of the writ as required. *See McCleskey v. Zant,* 111 S.Ct. 1454, 1470 (1991). Second, dismissal of the first petition was not on the merits. *See* 28 U.S.C. § 2254, Rule 9(b); *McCleskey,* 111 S.Ct. at 1466-67. Consequently, this petition may not be dismissed as an abuse of the writ.

However, the district court's denial of Lloyd's third ground for relief is affirmed because this ground was considered and rejected on the merits. The district court correctly found that the trial court's decision to allow evidence of two prior felony convictions for the purpose of impeachment did not warrant habeas relief. An issue concerning the admissibility of evidence does not rise to a level of constitutional magnitude unless it can be viewed as so egregious that the petitioner was denied a fundamentally fair trial. *See Cooper v. Sowders,* 837 F.2d 284, 286 (6th Cir.1988). While the trial court's ruling may have influenced **Lloyd's** decision not to testify, that decision remained his. Thus, **Lloyd's** constitutional right to testify on his own behalf was not violated.

Accordingly, the motion for the appointment of counsel is denied. The district court's order is affirmed insofar as it denies **Lloyd's** ground for relief concerning the admission of prior felony convictions. The district court's order is vacated insofar as it denies **Lloyd's** first and second grounds for relief and the case is remanded to the district court for consideration of these grounds on the merits. Rule 9(b)(3), Rules of the Sixth Circuit.

947 F.2d 945 (Table), 1991 WL 225557 (6th Cir.(Mich.)) Unpublished Disposition

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

http://print.westlaw.com/delivery.html?dest=atp&dataid=B00558000001912000463728... 10/26/2004

Westlaw.

977 F.2d 582 (Table)
977 F.2d 582 (Table), 1992 WL 276714 (6th Cir.(Mich.))
**Unpublished Disposition**
**(Cite as: 977 F.2d 582, 1992 WL 276714 (6th Cir.(Mich.)))**

Page 1

H
NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA6 Rule 28 and FI CTA6 IOP 206 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Sixth Circuit.

**Eddie** J. **LLOYD**, Plaintiff-Appellant,
v.
Michael SEXTON; Dewey Kyles; Richard H. Koch, II; Jack K. Gordon; James A. Bonanno; Walter T. Cobb, Defendants-Appellees.

**Nos. 92-1399, 92-1510.**

Oct. 6, 1992.

E.D. Mich., No. 90-72875; Hackett, D.J.

E.D.Mich. [APPEAL AFTER REMAND FROM 947 F.2D 945].

AFFIRMED IN PART, VACATED IN PART AND REMANDED.

Before KEITH, KENNEDY and NATHANIEL R. JONES, Circuit Judges.

*ORDER*

****1 Eddie Joe Lloyd**, a pro se Michigan prisoner, appeals a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983 (No. 92-1399) and a district court order awarding costs to the defendants under 28 U.S.C. § 1920 (No. 92-1510). These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).

Seeking monetary and injunctive relief, Lloyd sued several Michigan state correctional officials in their individual and official capacities. Lloyd alleged that the defendants: 1) subjected him to verbal harassment; 2) assaulted him in violation of the Eighth Amendment to the United States Constitution; 3) placed him in unlawful segregation; 4) filed three false misconduct charges against him; 5) subjected him to illegal shakedowns and searches; and 6) denied him access to the courts by delaying his legal mail. Defendants filed a motion for summary judgment which **Lloyd** opposed. The case was referred to a magistrate judge who recommended that the defendants' motion be granted and the complaint be dismissed. In his objections to the magistrate judge's report, **Lloyd** specified that he objected only to the magistrate judge's conclusion regarding his Eighth Amendment claim. He did not oppose the magistrate judge's recommendations as to the other allegations. Over **Lloyd's** objections, the district court adopted the magistrate judge's report and dismissed the case. Following the district court's judgment, the defendants' motion for costs was subsequently granted.

In his timely appeal from the district court's judgment (No. 92-1399), **Lloyd** contends that summary judgment should not have been granted to the defendants as to his Eighth Amendment claim. **Lloyd** argues that there were genuine issues of material fact which prevent the issuance of summary judgment. In his timely appeal from the district court order granting costs (No. 92-1510), **Lloyd** states that he is appealing the order as an aggrieved party. He requests the appointment of counsel.

Upon review, we affirm the district court's dismissal of the following claims: that the defendants subjected him to verbal harassment; that the defendants placed him in unlawful segregation;

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

http://print.westlaw.com/delivery.html?dest=atp&dataid=B0055800000001785000463728... 10/26/2004

977 F.2d 582 (Table)
977 F.2d 582 (Table), 1992 WL 276714 (6th Cir.(Mich.))
**Unpublished Disposition**
**(Cite as: 977 F.2d 582, 1992 WL 276714 (6th Cir.(Mich.)))**

Page 2

that the defendants filed three false misconduct charges against him; that the defendants subjected him to illegal shakedowns and searches; and that the defendants denied him access to the courts by delaying his legal mail. As Lloyd has not objected to the magistrate judge's report recommending that these issues be dismissed, Lloyd has waived his right to appeal these issues. *See Thomas v. Arn,* 474 U.S. 140, 155 (1985); *Willis v. Sullivan,* 931 F.2d 390, 400-01 (6th Cir.1991).

We affirm the district court's dismissal of the complaint against defendant Walter Cobb as frivolous under 28 U.S.C. § 1915(d). Lloyd has not challenged Cobb's dismissal on appeal. As such, any objection that Lloyd may have raised on appeal is considered abandoned and not reviewable. *See McMurphy v. City of Flushing,* 802 F.2d 191, 198-99 (6th Cir.1986).

**2 We review the district court's grant of summary judgment de novo. *See EEOC v. University of Detroit,* 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). An order awarding costs is reviewed under the abuse of discretion standard. *See Weaver v. Toombs,* 948 F.2d 1004, 1013 (6th Cir.1991).

Upon review, we conclude that there is a genuine issue of material fact as to **Lloyd's** Eighth Amendment claim and that the defendants are not entitled to judgment as a matter of law. *Celotex Corp.,* 477 U.S. at 323. Therefore, we vacate the district court's judgment and remand for further proceedings as to **Lloyd's** Eighth Amendment claim. Because we vacate the district court's judgment, the defendants are not entitled to the recovery of costs. *See Weaver,* 948 F.2d at 1009.

Accordingly, we hereby deny **Lloyd's** request for counsel and affirm the district court's judgment to the extent it dismissed defendant Cobb and granted the remaining defendants summary judgment on **Lloyd's** claims regarding verbal harassment, unlawful segregation, false misconduct charges, illegal searches, and delay of legal mail. As to **Lloyd's** claim that he was subjected to cruel and unusual punishment, the judgment is vacated and the case remanded for further proceedings. Finally, we vacate the award of costs. Rule 9(b)(3), Rules of the Sixth Circuit.

977 F.2d 582 (Table), 1992 WL 276714 (6th Cir.(Mich.)) Unpublished Disposition

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

http://print.westlaw.com/delivery.html?dest=atp&dataid=B0055800000017850004637 28... 10/26/2004

Westlaw.

996 F.2d 1215 (Table)
996 F.2d 1215 (Table), 1993 WL 238865 (6th Cir.(Mich.))
**Unpublished Disposition**
**(Cite as: 996 F.2d 1215, 1993 WL 238865 (6th Cir.(Mich.)))**

Page 1

**H**
NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA6 Rule 28 and FI CTA6 IOP 206 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Sixth Circuit.

**Eddie Joe LLOYD**, Plaintiff-Appellant,
v.
Kenneth L. McGINNIS; Wayne W. Stine, Defendants-Appellees.

**No. 93-1188.**

June 28, 1993.

W.D.Mich., No. 92-00197; Quist, J.

W.D.Mich. [APPEAL AFTER REMAND FROM 977 F.2d 582].

AFFIRMED.

Before: MILBURN and BOGGS, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.

ORDER

****1 Eddie Joe Lloyd**, a pro se Michigan prisoner, appeals a district court order dismissing his civil rights complaint for want of prosecution. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Appellees have informed the court that they will not be filing a brief.

Seeking injunctive and declaratory relief, **Lloyd** sued two Michigan correctional officials as a result of being found guilty of committing several disciplinary violations. The defendants moved to dismiss the complaint. Following defendants' motion, the court entered an order on October 19, 1992, informing **Lloyd** that he had twenty-eight days from the date of the order to file a response to defendants' motion, or else his complaint would be dismissed for want of prosecution pursuant to Fed.R.Civ.P. 41(b). **Lloyd** did not respond to defendants' motion and the district court dismissed the complaint under Rule 41(b) on December 29, 1992.

In his timely appeal, **Lloyd** argues that the district court erred by not addressing the merits of his complaint and by not granting his motion for the appointment of counsel.

A district court's dismissal of the complaint for want of prosecution is reviewed under the abuse of discretion standard. *Little v. Yeutter,* 984 F.2d 160, 162 (6th Cir.1993).

Upon review, we conclude that the district court did not abuse its discretion in dismissing **Lloyd's** complaint under Rule 41(b). Furthermore, **Lloyd** has no constitutional right to the appointment of counsel in a civil case. *Randall v. Wyrick,* 642 F.2d 304, 307 n. 6 (8th Cir.1981) (per curiam).

Accordingly, we affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.

996 F.2d 1215 (Table), 1993 WL 238865 (6th Cir.(Mich.)) Unpublished Disposition

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

http://print.westlaw.com/delivery.html?dest=atp&dataid=B005580000001542000463728... 10/26/2004

Westlaw.

16 F.3d 1220 (Table)
16 F.3d 1220 (Table), 1994 WL 49548 (6th Cir.(Mich.))
**Unpublished Disposition**
**(Cite as: 16 F.3d 1220, 1994 WL 49548 (6th Cir.(Mich.)))**

Page 1

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA6 Rule 28 and FI CTA6 IOP 206 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Sixth Circuit.

**Eddie Joe LLOYD**, Plaintiff-Appellant,
v.
J. CONVERSE, et al., Defendants-Appellees.

**No. 93-1889.**

Feb. 17, 1994.

W.D.Mich., No. 92-00240; Quist, J.

W.D.Mich.

AFFIRMED.

Before: GUY and SILER, Circuit Judges, and CHURCHILL, Senior District Judge. [FN*]

ORDER

****1 Eddie Joe Lloyd**, a Michigan state prisoner, appeals pro se the entry of summary judgment for the defendants by the district court in this civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).

**Lloyd** sought monetary relief from the defendants, prison employees, in their individual capacities, alleging that they subjected him to excessive force in violation of the Eighth Amendment. The district court adopted the magistrate judge's recommendation to grant the defendants' motion for summary judgment, over **Lloyd's** objections. On appeal, **Lloyd** argues that the district court erred in assigning greater credibility to the evidence submitted by the defendants.

Upon review, it is concluded that there is no genuine issue of material fact, and defendants are entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Even accepting **Lloyd's** version of the facts giving rise to this suit, we conclude that no constitutional violation occurred, but that defendants used minimal physical force in a good faith effort to maintain discipline, rather than in a malicious and sadistic effort to cause harm. *See Hudson v. McMillian*, 112 S.Ct. 995, 999-1000 (1992). In reaching this conclusion we have considered the motivation for defendants' conduct (Lloyd's admitted creation of a disturbance during his shower period), the type of force used (that necessary to forcibly return him to his cell), and the minimal extent of injury inflicted. *See Parrish v. Johnson*, 800 F.2d 600, 604-06 (6th Cir.1986).

Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.

FN* The Honorable James P. Churchill, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation.

16 F.3d 1220 (Table), 1994 WL 49548 (6th Cir.(Mich.)), Unpublished Disposition

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

http://print.westlaw.com/delivery.html?dest=atp&dataid=B0055800000001465000463728... 10/26/2004

Westlaw.

22 Fed.Appx. 525
22 Fed.Appx. 525, 2001 WL 1450816 (6th Cir.(Mich.))
**(Cite as: 22 Fed.Appx. 525, 2001 WL 1450816 (6th Cir.(Mich.)))**

This case was not selected for publication in the Federal Reporter

NOT RECOMMENDED FOR FULL--TEXT PUBLICATION

Sixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court.

Not selected for publication in the Federal Reporter.

This opinion was not selected for publication in the Federal Reporter. Please use FIND to look at the applicable circuit court rule before citing this opinion. FI CTA6 Rule 28(g).

United States Court of Appeals,
Sixth Circuit.

**Eddie Joe LLOYD**, Plaintiff-Appellant,
v.
S. GRAHAM, Officer, et al., Defendants-Appellees.
**No. 01-1474.**

Nov. 6, 2001.

State prisoner brought pro se civil rights action under § 1983 against prison officials and employees, alleging that defendants assaulted him and subjected him to excessive and unnecessary force. The District Court dismissed complaint, and prisoner appealed. The Court of Appeals held that prisoner's action was frivolous, and thus dismissal was warranted.

Affirmed.

West Headnotes
**Federal Civil Procedure ⇐2734**
170Ak2734 Most Cited Cases
State prisoner's in forma pauperis civil rights action under § 1983 against prison officials and employees, alleging that defendants assaulted him and subjected him to excessive and unnecessary force, was frivolous, and thus dismissal of complaint was warranted; prisoner had at least three previous suits dismissed as frivolous or for failure to state a claim for relief, and he was not in imminent danger of serious physical injury. 28 U.S.C.A. § 1915(g); 42 U.S.C.A. § 1983.
***526** Before KEITH, BOGGS, and MOORE, Circuit Judges.

****1 Eddie Joe Lloyd,** a Michigan prisoner proceeding pro se, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On February 7, 2001, **Lloyd** filed a complaint against several officials and personnel employed by the Michigan Department of Corrections alleging that the defendants assaulted him and subjected him to excessive and unnecessary force. **Lloyd** sought declaratory, injunctive, and monetary relief. **Lloyd** was granted in forma pauperis status in this case.

Also on February 7, the district court issued an order to show cause, giving **Lloyd** fourteen days from the date of the order to explain in writing why the court should not dismiss the case pursuant to 28 U.S.C. § 1915(g). **Lloyd** responded. Nevertheless, the district court dismissed **Lloyd's** suit, without prejudice, under 28 U.S.C. § 1915(g) because **Lloyd** had filed at least three previous civil actions that were dismissed as frivolous or for failure to state a claim. This timely appeal followed.

Upon review, we conclude that the district court properly dismissed **Lloyd's** complaint. Twenty-eight 28 U.S.C. § 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury.

**Lloyd** does not dispute that he has had at least three previous suits dismissed as frivolous or for failure to state a claim for relief. Instead, he raises numerous arguments in which he claims that he should be exempted from the "three strikes" provision contained in § 1915(g). However, none of the reasons offered by **Lloyd** have any merit for the reasons stated by the district court. In addition, **Lloyd** has not demonstrated that he is in imminent danger of serious physical injury for the reasons stated by the district court. Because **Lloyd's** complaint clearly satisfied the provisions of § 1915(g) at the moment of filing, the district court had no authority to consider the merits of the complaint.

***527** Finally, to the extent that **Lloyd** argues that § 1915(g) is unconstitutional, his argument has already been considered and rejected by this court. *See Wilson v. Yaklich,* 148 F.3d 596, 604-05. (6th Cir.1998). Section 1915(g) does not violate the Equal Protection Clause, does not deny indigent prisoners access to the courts, and does not violate due process principles. *Id.*

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

22 Fed.Appx. 525, 2001 WL 1450816 (6th Cir.(Mich.))

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.