UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RUTH HARLIN, Personal Representative of the Estate of EDDIE JOE LLOYD, Deceased, and TIA TERESE GLENN,

    Plaintiffs,

  v.

City of Detroit et al.,

    Defendants.
_____/

Case No. 04 70922

U.S. District Judge: Hon. Gerald E. Rosen

U.S. Magistrate Judge: Hon. Steven D. Pepe

David A. Robinson (P-38754)
Attorney for Plaintiffs
28145 Greenfield Road, Ste. 100
Southfield, MI 48176
(248) 423-7234

Margaret A. Nelson (P-30392)
Attorney for Defendants Detroit
  Psychiatric Institute, Han and Bacon
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434

John P. Quinn (P-23820)
Attorney for Defendants DeGalan, Milliner,
  Rice, Day, Dungy, Deane, Hill and City
1650 First National Building
Detroit, MI 48226
(313) 237-3082

Michael J. Reynolds (P-30592)
Attorney for Defendant County
211 West Fort Street, 15th Floor
Detroit, MI 48226
(313) 965-9725

_____/

ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEFENDANT CITY,
INCLUDING DEFENDANT DUNGY IN HIS OFFICIAL CAPACITY

RESERVATION OF ADDITIONAL DEFENSES

RELIANCE ON JURY DEMAND

ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEFENDANT CITY, INCLUDING DEFENDANT DUNGY IN HIS OFFICIAL CAPACITY

For Answer to the Amended Complaint, the defendant City of Detroit, including the defendant Dungy in his official capacity, says that:

FIRST DEFENSE

The defendant City is protected by governmental immunity from liability on the plaintiffs' claims arising under Michigan law. At all relevant times the defendant City was a governmental agency engaged in the exercise or discharge of a governmental function, namely, law enforcement. Mich. C.L. § 691.1407.

SECOND DEFENSE

Any injury suffered by the plaintiffs' decedent Lloyd was proximately caused by his own negligence and other wrongdoing including intentional and criminal wrongdoing. The plaintiff Lloyd's claims are therefore barred by the wrongful conduct rule or reduced or barred by comparative negligence.

THIRD DEFENSE

Each arrest of the plaintiffs' decedent Lloyd by an agent or employee of the defendant City, if he was arrested, was supported by probable cause or by a warrant that was valid on its face.

FOURTH DEFENSE

Each search or seizure of the plaintiffs' decedent's person, house, home, papers or effects by an agent or employee of the defendant City, if any such search or seizure occurred, was supported by probable cause or by a warrant that was valid on its face.

## FIFTH DEFENSE

To the extent, if any, that any agent or employee of the defendant City used force against the plaintiff each such agent or employee acted in self-defense or in the lawful defense of others or in the lawful execution of law enforcement duties.

## SIXTH DEFENSE

To the extent, if any, that any agent or employee of the defendant City used force against the plaintiff, each such use of force was reasonable and justified because the force was lawfully applied to effect a lawful arrest or in the performance of other lawful police duties and was not excessive.

## SEVENTH DEFENSE

The plaintiffs have not stated a claim for exemplary or punitive damages upon which relief can be granted against the defendant City.

## EIGHTH DEFENSE

The plaintiffs have failed to mitigate their damages, entitlement to which is denied.

## NINTH DEFENSE

The plaintiffs fail, in whole or in part, to state a claim upon which relief can be granted and the defendant City is entitled to judgment as a matter of law.

## TENTH DEFENSE

The plaintiffs' claims are time-barred. Mich.C.L. § § 600.5805, 600.5827.

ELEVENTH DEFENSE

The defendant City lacks information or knowledge sufficient to form a belief as to the truth of the allegations of the second paragraph 9, and paragraphs 10, 16, 21, 22, 23, 25, 26, 31, 32, 35, 39, 40, 42, 43, 45, 46, 48, 49, 71, 84, 85, 86, 87, 88, 89, 90, 91, 92, 94, 95, 96, 98, 100, 101, 104, 105, 106, 110, 119, 120, 121, 122, 125, 181, 206, and 221 of the Amended Complaint and therefore neither admits nor denies those allegations but leaves the plaintiffs to their proofs. The defendant City admits the first (but not the second) paragraph 8, the first (but not the second) paragraph 9, paragraphs 11, 12, 13, 14, 15, 18, 19, 20, 27, 30, 33, 41, 44, 50, 75, 78, 79, 83, 84, 99, 172, 220 and 222 of the Amended Complaint insofar as they apply to the defendant City.

Paragraphs 129, 135, 139, 166, 167 and 173 of the Amended Complaint include no factual allegations but misstate the law and require no response. The defendant City denies paragraphs 61 and 131 of the Amended Complaint because the "facts" referred to in those paragraphs are not and were not true facts and therefore could not be honestly disclosed. Each of the other paragraphs of the Amended Complaint is denied insofar as it applies to the defendant City because, at least to that extent, it is untrue or, as to each such paragraph in which multiple allegations are made in the conjunctive, at least one of the conjoined allegations is untrue.

RESERVATION OF ADDITIONAL DEFENSES

The defendant City reserves the right to plead such additional defenses as may

become known through research, investigation, discovery or otherwise.

WHEREFORE, the defendant City respectfully demand dismissal of the plaintiffs' claims or a judgment of no cause of action on those claims, as well as an award of attorney fees and costs against the plaintiffs.

RELIANCE ON JURY DEMAND

The defendant City relies upon the Demand for Jury Trial filed by the plaintiffs.

|  |  |
|---|---|
|  | s/John P. Quinn |
|  | John P. Quinn (P-23820) |
|  | Attorney for Defendants DeGalan, Milliner, Rice, Day, Dungy, Deane Hill and City |
|  | 1650 First National Building |
|  | Detroit, MI  48226 |
| Dated: June 17, 2005 | (313) 237-3082 |

CERTIFICATE OF SERVICE

I certify that on June 17, 2005, I electronically filed the foregoing paper and any associated exhibit(s) with the Clerk of the Court using the ECF, thus effecting notice to and service on: Matthew J. Bredeweg, Nick J. Brustin, Margaret A. Nelson, Samuel A. Nouhan, Michael J. Reynolds, David A. Robinson and James M. Surowiec, who are ECF participants.

|  |  |
|---|---|
|  | s/John P. Quinn |
|  | John P. Quinn (P-23820) |
|  | Attorney for Defendants DeGalan, Milliner, Rice, Day, Dungy, Deane Hill and City |
|  | 1650 First National Building |
|  | Detroit, MI  48226 |
| Dated: June 17, 2005 | (313) 237-3082 |