UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RUTH HARLIN, Personal Representative of the Estate of EDDIE JOE LLOYD, Deceased, and TIA TERESE GLENN,

    Plaintiffs,

  v.

City of Detroit et al.,

    Defendants.
_____/

Case No. 04 70922

U.S. District Judge: Hon. Gerald E. Rosen

U.S. Magistrate Judge: Hon. Steven D. Pepe

David A. Robinson (P-38754)
Attorney for Plaintiffs
28145 Greenfield Road, Ste. 100
Southfield, MI 48176
(248) 423-7234

Margaret A. Nelson (P-30392)
Attorney for Defendants Detroit
  Psychiatric Institute, Han and Bacon
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434
_____/

John P. Quinn (P-23820)
Attorney for Defendants DeGalan, Milliner,
  Rice, Day, Dungy, Deane, Hill and City
1650 First National Building
Detroit, MI 48226
(313) 237-3082

Michael J. Reynolds (P-30592)
Attorney for Defendant County
211 West Fort Street, 15th Floor
Detroit, MI 48226
(313) 965-9725

DEFENDANT RICE'S ANSWER TO AMENDED COMPLAINT
RESERVATION OF ADDITIONAL DEFENSES
RELIANCE ON JURY DEMAND

DEFENDANT RICE'S ANSWER TO AMENDED COMPLAINT

For Answer to the Amended Complaint, the defendant William Rice says that:

FIRST DEFENSE

The defendant Rice is protected by official immunity from liability on the plaintiffs' claims arising under Michigan law. At all relevant times: the defendant Rice was an employee of the City of Detroit, a governmental agency; the defendant Rice was acting or reasonably believed he was acting within the scope of his authority; the City of Detroit was engaged in a governmental function, namely, law enforcement; the defendant Rice did not act so recklessly as to demonstrate a substantial lack of concern for whether an injury would result; and the conduct of the defendant Rice was not the proximate cause of the injury or damage, if any.  Mich. C.L. § 691.1407.

SECOND DEFENSE

At all relevant times the defendant Rice acted with objective good faith and therefore is immune from suit and from liability on the plaintiffs' claims arising under federal law.

THIRD DEFENSE

Any injury suffered by the plaintiffs' decedent Lloyd was proximately caused by his own negligence and other wrongdoing including intentional and criminal wrongdoing. The plaintiff Lloyd's claims are therefore barred by the wrongful conduct rule or reduced or barred by comparative negligence.

FOURTH DEFENSE

Each arrest of the plaintiffs' decedent by the plaintiff Rice or anyone acting in concert with the defendant Rice, if the plaintiffs' decedent was arrested, was supported by probable cause or by a warrant that was valid on its face.

FIFTH DEFENSE

Each search or seizure of the plaintiffs' decedent's person, house, home, papers or effects by the defendant Rice or anyone acting in concert with the defendant Rice, if any such search or seizure occurred, was supported by probable cause or by a warrant that was valid on its face.

SIXTH DEFENSE

To the extent, if any, that the defendant Rice or anyone acting in concert with the defendant Rice used force against the plaintiffs' decedent, the defendant Rice and each person acting in concert with the defendant Rice acted in self-defense or in the lawful defense of others or in the lawful execution of law enforcement duties.

SEVENTH DEFENSE

To the extent, if any, that the defendant Rice or anyone acting in concert with the defendant Rice used force against the plaintiffs' decedent, each such use of force was reasonable and justified because the force was lawfully applied to effect a lawful arrest or in the performance of other lawful police duties and was not excessive.

EIGHTH DEFENSE

The plaintiffs and their decedent have failed to mitigate their damages,

entitlement to which is denied.

## NINTH DEFENSE

The plaintiffs fail, in whole or in part, to state a claim upon which relief can be granted and the defendant Rice is entitled to judgment as a matter of law.

## TENTH DEFENSE

The plaintiffs' claims are time-barred. Mich.C.L. § § 600.5805, 600.5827.

## ELEVENTH DEFENSE

The defendant Rice lacks information or knowledge sufficient to form a belief as to the truth of the allegations of the second paragraph 9, and paragraphs 10, 16, 21, 22, 23, 25, 26, 31, 32, 35, 39, 40, 42, 43, 45, 46, 48, 49, 71, 84, 85, 86, 87, 88, 89, 90, 91, 92, 94, 95, 96, 98, 100, 101, 104, 105, 106, 110, 119, 120, 121, 122, 125, 181, 206 and 221 of the Amended Complaint and therefore neither admits nor denies those allegations but leaves the plaintiffs to their proofs. The defendant Rice admits the first (but not the second) paragraph 8, the first (but not the second) paragraph 9, paragraphs 11, 12, 13, 14, 15, 18, 19, 20, 27, 30, 33, 41, 44, 50, 75, 78, 79, 83, 84, 99, 172, 220 and 222 of the Amended Complaint insofar as they apply to the defendant Rice. Paragraphs 129, 135, 139, 166, 167 and 173 of the Amended Complaint include no factual allegations but misstate the law and require no response. The defendant Rice denies paragraphs 61 and 131 of the Amended Complaint because the "facts" referred to in those paragraphs are not and were not true facts and therefore could not be honestly disclosed. Each of the other paragraphs of the Amended Complaint is

denied insofar as it applies to the defendant Rice because, at least to that extent, it is untrue or, as to each such paragraph in which multiple allegations are made in the conjunctive, at least one of the conjoined allegations is untrue.

### RESERVATION OF ADDITIONAL DEFENSES

The defendant Rice reserves the right to plead such additional defenses as may become known through research, investigation, discovery or otherwise.

WHEREFORE, the defendant Rice respectfully demand dismissal of the plaintiffs' claims or a judgment of no cause of action on those claims, as well as an award of attorney fees and costs against the plaintiffs.

### RELIANCE ON JURY DEMAND

The defendant Rice relies upon the Demand for Jury Trial filed by the plaintiffs.

    s/John P. Quinn
John P. Quinn (P-23820)
Attorney for Defendants DeGalan, Milliner,
  Rice, Day, Dungy, Deane Hill and City
1650 First National Building
Detroit, MI  48226

Dated: June 17, 2005    (313) 237-3082

CERTIFICATE OF SERVICE

    I certify that on June 17, 2005, I electronically filed the foregoing paper and any associated exhibit(s) with the Clerk of the Court using the ECF, thus effecting notice to and service on: Matthew J. Bredeweg, Nick J. Brustin, Margaret A. Nelson, Samuel A. Nouhan, Michael J. Reynolds, David A. Robinson and James M. Surowiec, who are ECF participants.

                                                               s/John P. Quinn  
                                                      John P. Quinn (P-23820)  
                                                      Attorney for Defendants DeGalan, Milliner,  
                                                        Rice, Day, Dungy, Deane Hill and City  
                                                      1650 First National Building  
                                                      Detroit, MI  48226  
Dated: June 17, 2005                      (313) 237-3082